**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1262.]**

THE STATE OF OHIO, APPELLANT, *v*. WILLIAMS, APPELLEE.

[Cite as *State v. Williams*, 1998-Ohio-603.]

*Appeal dismissed for lack of a conflict.*

(No. 96-2671—Submitted December 2, 1997—Decided May 13, 1998.)

CERTIFIED by the Court of Appeals for Stark County, No. 95-CA-0258.

———————————

*Robert D. Horowitz,* Stark County Prosecuting Attorney, *R. Mark Caldwell* and *J. Leslie Markijohn*, Assistant Prosecuting Attorneys, for appellant.

*James Silvio Manello*, for appellee.

———————————

{¶ 1} The appeal is dismissed, *sua sponte*, for lack of a conflict.

MOYER, C.J., DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

PFEIFER, COOK and LUNDBERG STRATTON, JJ., dissent.

———————————

**COOK, J., dissenting.**

{¶ 2} I respectfully dissent. A majority of this court dismisses this appeal based on its determination that there is no conflict between the appellate court's judgment in this case and the appellate court judgments in *State v. Parra* (Feb. 22, 1979), Cuyahoga App. No. 38706, unreported; *State v. Mabry* (1982), 5 Ohio App.3d 13, 5 OBR 14, 449 N.E.2d 16; *State v. Chatmon* (May 2, 1985), Cuyahoga App. No. 48569, unreported, 1985 WL 8972; and *State v. Whalen* (Nov. 27, 1991), Cuyahoga App. No. 59366, unreported, 1991 WL 251668. I believe that this disposition is inconsistent with our customary avoidance of presumptions that would bring the judgments of inferior courts into question where a reasonable presumption also exists that would make them regular and valid. See *State v.*

*Brandon* (1989), 45 Ohio St.3d 85, 87, 543 N.E.2d 501, 504; *Fisher & Lanning v. Quillen* (1907), 76 Ohio St. 189, 81 N.E. 182.

{¶ 3} In reaching its conclusion, the majority necessarily interprets both of the concurring opinions in the case below to render as dicta the lead opinion's conclusion that felonious assault is not a lesser included offense of attempted murder. Pivotal to that conclusion is Judge Wise's opinion, wherein he concurred only in judgment concerning the lead opinion's refusal to classify felonious assault as a lesser included offense of attempted murder. In that opinion, Judge Wise suggested that felonious assault is a lesser included offense of attempted murder and may be so charged to a jury *so long as it is charged in its inferior degree as attempted felonious assault*.

{¶ 4} The lower court's judgments make sense only if Judge Wise's concurring opinion is read to classify attempted felonious assault, but not felonious assault itself, as a lesser included offense of attempted murder. While there is some language in Judge Wise's concurring opinion that suggests the contrary, Judge Wise was one of the three judges from the Fifth Appellate District who certified that *Williams* is in conflict with *Parra*, *Mabry*, *Chatmon,* and *Whalen* on the issue of whether felonious assault is a lesser included offense of attempted murder. Moreover, had both concurring judges in *Williams* completely disagreed with Judge Gwinn's resolution of the lesser-included-offense issue, Judge Gwinn's opinion should have lost its lead opinion designation. Accordingly, I would credit the court below with proper interpretation of its judges' opinions and would proceed to the merits of this case.

{¶ 5} On the merits, I would vote to uphold the *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, lesser-included-offense test against the state's challenges and to affirm the appellate court's conclusion that, under *Deem*, felonious assault is not a lesser included offense of attempted murder.

PFEIFER and LUNDBERG STRATTON, JJ., concur in the foregoing dissenting opinion.

––––––––––––––––––