[This decision has been published in *Ohio Official Reports* at 94 St.3d 21.]

THE STATE OF OHIO, APPELLANT, *v*. BARNES, APPELLEE.

[Cite as *State v. Barnes*, 2002-Ohio-68.]

*Criminal law—Defendant asserting self-defense cannot introduce evidence of specific instances of a victim's conduct to prove that the victim was the initial aggressor—Evid.R. 404(A) and 405, construed and applied.*

(Nos. 00-1595 and 00-1682—Submitted September 19, 2001—Decided January 9, 2002.)

APPEAL from and CERTIFIED by the Court of Appeals for Portage County, No. 98-P-0052.

————————————

SYLLABUS OF THE COURT

A defendant asserting self-defense cannot introduce evidence of specific instances of a victim's conduct to prove that the victim was the initial aggressor. (Evid.R. 404[A] and 405, construed and applied.)

————————————

COOK, J.

{¶ 1} This cause presents two questions: first, whether a defendant who asserts self-defense may introduce evidence of specific instances of conduct by the victim to show that the victim was the initial aggressor, and second, whether the trial court committed plain error when it instructed the jury that felonious assault with a deadly weapon is a lesser included offense of attempted murder. We answer both questions in the negative.

I

{¶ 2} While attending a party in Kent, Ohio, the appellee, Marcus Barnes, became involved in an argument with other partygoers. The argument escalated into a physical altercation involving Barnes, Christopher Wawrin, and Christopher

DeAngelis. Barnes stabbed both men during the fracas; Wawrin died from his wound several days later.

{¶ 3} The Portage County Grand Jury indicted Barnes on one count of murder for the Wawrin stabbing and one count of attempted murder for the attack on DeAngelis. Barnes asserted self-defense as to both charges and sought to introduce evidence of prior acts of violence committed by Wawrin. The trial court granted the state's motion *in limine* to exclude evidence of Wawrin's prior acts. While the court found that Barnes could introduce evidence about Wawrin's "propensity for violence," it ruled that Evid.R. 405(B) precluded the admission of a victim's prior specific acts. Barnes later proffered evidence of Wawrin's specific violent acts following the state's case-in-chief.

{¶ 4} At the close of evidence, the trial court instructed the jury on the elements of murder and attempted murder as charged in counts one and two of the indictment. Without an objection from Barnes, the court also instructed the jury on involuntary manslaughter (as a lesser included offense of murder) and felonious assault with a deadly weapon (as a lesser included offense of attempted murder). As to the count charging Barnes with the attempted murder of DeAngelis, the court specifically instructed that the jury could find Barnes guilty of felonious assault if it found that the state had failed to prove the essential elements of attempted murder.

{¶ 5} The jury found Barnes guilty of involuntary manslaughter (for killing Wawrin) and felonious assault (for stabbing DeAngelis). The trial court sentenced Barnes to consecutive prison terms of nine years for involuntary manslaughter and six years for felonious assault. Barnes appealed to the Eleventh District Court of Appeals, which reversed both convictions. The court of appeals found that the trial court erred by (1) excluding evidence of Wawrin's specific instances of violent conduct, (2) instructing the jury that felonious assault with a deadly weapon was a lesser included offense of attempted murder, and (3) sentencing Barnes to consecutive prison terms without making the factual findings required by R.C.

2929.14(E)(4). The Eleventh District certified its decision on the first two issues as being in conflict with decisions from several appellate districts.[1] The cause is now before this court upon our determination that a conflict exists (case No. 00-1682) and pursuant to the allowance of a discretionary appeal (case No. 00-1595).

## II

{¶ 6} In connection with its first proposition of law, the state argues that, under Evid.R. 404 and 405, a defendant who asserts self-defense cannot introduce specific instances of conduct by a victim to demonstrate that the victim was the initial aggressor.[2] Barnes disagrees, arguing that specific instances of a victim's conduct are admissible to demonstrate that the victim was the aggressor, even if the defendant lacked knowledge of the conduct at the time of the alleged criminal activity. We determine that specific instances of a victim's prior conduct are not admissible to prove that a victim was the initial aggressor, regardless of a defendant's knowledge.

{¶ 7} It is well settled that "[t]he trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not

---

1. As to the question whether specific instances of a victim's conduct are admissible to show that the defendant was not the first aggressor, the court of appeals found its judgment to be in conflict with *State v. Cuttiford* (1994), 93 Ohio App.3d 546, 639 N.E.2d 472; *State v. Busby* (Sept. 14, 1999), Franklin App. No. 98AP-1050, unreported, 1999 WL 710353; *State v. Weston* (July 16, 1999), Washington App. No. 97CA31, unreported, 1999 Wl 552732; *State v. Douglas* (Mar. 16, 1999), Mahoning App. No. 94 CA 214, unreported, 1999 WL 159207; and *State v. Scott* (Sept. 7, 1995), Cuyahoga App. No. 67148, unreported, 1995 WL 527597. As to the question whether felonious assault is a lesser included offense of attempted murder, the court of appeals found its judgment to be in conflict with *State v. Kaiser* (Oct. 15, 1986), Montgomery App. No. 9287, unreported, 1986 WL 11812; *State v. Box* (1993), 89 Ohio App.3d 614, 626 N.E.2d 996; and *State v. Heath* (June 25, 1997), Hamilton App. No. C-950676, unreported, 1997 WL 346083.

2. The state devotes a portion of its appellate brief to arguing that the excluded specific acts were not admissible under Evid.R. 404(B). We need not address Evid.R. 404(B), however, because, as Barnes concedes in his appellate brief, he intended for the excluded evidence to show that Wawrin had acted in conformity with past violent acts pursuant to Evid.R. 404(A)(2), and "not for one of the enumerated purposes set forth under Evid.R. 404(B)." We therefore confine our inquiry to Evid.R. 404(A) and 405.

disturb the decision of the trial court." *State v. Issa* (2001), 93 Ohio St.3d 49, 64, 752 N.E.2d 904, 922. Therefore, we confine our inquiry to determining whether the trial court acted unreasonably, arbitrarily, or unconscionably in excluding evidence offered under Evid.R. 404 and 405. See *Calderon v. Sharkey* (1982), 70 Ohio St.2d 218, 222, 24 O.O.3d 322, 323, 436 N.E.2d 1008, 1012.

{¶ 8} Evid.R. 404 and 405 govern the introduction of character evidence. Evid.R. 404(A) specifies *when* character evidence is admissible and provides:

"Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:

"* * *

"(2) Character of the victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable."

{¶ 9} This blanket exception permitting Barnes to introduce evidence of Wawrin's character is subject to Evid.R. 405, which sets forth what *form* such evidence may take:

"(A) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

"(B) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct."

**{¶ 10}** It is undisputed that a defendant can introduce character evidence by reputation or opinion testimony under Evid.R. 405(A). See, *e.g.*, *State v. Baker* (1993), 88 Ohio App.3d 204, 210-211, 623 N.E.2d 672, 676. But Evid.R. 405(B) is more narrowly drawn. Thus, the relevant inquiry in this case is whether a victim's character or character trait is an *essential* element of self-defense. If the proof or failure of proof of the victim's character would not be dispositive of an element of self-defense, then it is not an essential component of the defense and falls outside the limited scope of Evid.R. 405(B).

**{¶ 11}** To establish self-defense, a defendant must prove the following elements: (1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger. *State v. Robbins* (1979), 58 Ohio St.2d 74, 12 O.O.3d 84, 388 N.E.2d 755, paragraph two of the syllabus. Although a victim's violent propensity may be *pertinent* to proving that he acted in a way such that a defendant's responsive conduct satisfied the elements of self-defense, no element *requires* proof of the victim's character or character traits. A defendant may successfully assert self-defense without resort to proving *any* aspect of a victim's character. Therefore, Evid.R. 405(B) precludes a defendant from introducing specific instances of the victim's conduct to prove that the victim was the initial aggressor.[3] *State v. Cuttiford* (1994), 93 Ohio App.3d 546, 555, 639 N.E.2d 472,

---

3. Because Barnes sought to introduce specific instances of Wawrin's conduct to prove only that Wawrin was the initial aggressor, we address that sole evidentiary concern. We express no opinion here as to whether evidence of specific instances of a victim's conduct is admissible for other purposes in a self-defense case. See *Baker*, 88 Ohio App.3d at 211, 623 N.E.2d at 676 (holding testimony of specific instances of a victim's conduct admissible to show a defendant's state of mind).

478; *State v. Baker*, 88 Ohio App.3d at 210-211, 623 N.E.2d at 676; *State v. Carlson* (1986), 31 Ohio App.3d 72, 74, 31 OBR 112, 115, 508 N.E.2d 999, 1001.

{¶ 12} We recognize that some courts in other jurisdictions have reached a contrary result. But we find more compelling the reasoning of the persuasive authority that agrees with the rationale that we employ today. Federal courts, interpreting the analogous Fed.R.Evid. 404 and 405, have held that specific instances of a victim's violent propensities are not admissible to prove whether the victim was the initial aggressor in a particular instance. See *United States v. Keiser* (C.A.9, 1995), 57 F.3d 847, 857 ("A defendant could * * * successfully assert a claim of self-defense against an avowed pacifist, so long as the jury agrees that the defendant reasonably believed unlawful force was about to be used against him. Thus, even though relevant, [a victim's] character is not an essential element of [a defendant's] defense."); see, also, *United States v. Smith* (C.A.7, 2000), 230 F.3d 300, 308; *United States v. Bautista* (C.A.10, 1998), 145 F.3d 1140, 1152, certiorari denied (1998), 525 U.S. 911, 119 S.Ct. 255, 142 L.Ed.2d 210; *United States v. Piche* (C.A.4, 1992), 981 F.2d 706, 713. State courts in other jurisdictions with analogous evidence rules also agree. See *State v. Custodio* (App.2001), 136 Idaho 197, 30 P.3d 975, 982 ("Proof of a victim's propensity for violence, standing alone, does not prove an element of a claim of self-defense. Proof of a victim's violent character does not show that the victim was the first aggressor in a particular conflict, nor does proof of a victim's passive demeanor foreclose the defendant from asserting a claim of self-defense"); *Allen v. State* (Alaska App.1997), 945 P.2d 1233, 1240-1241; *Brooks v. State* (Ind.1997), 683 N.E.2d 574, 576-577; *State v. Newell* (1996), 141 N.H. 199, 201-202, 679 A.2d 1142, 1144-1145. Cf. *People v. Miller* (Colo.App.1998), 981 P.2d 654, 658 (holding that the exclusion of specific acts intended to prove a victim's sexual orientation was proper because sexual orientation does not prove an essential element of self-defense).

**{¶ 13}** Given the plain language of Evid.R. 404 and 405 and the weight of compelling persuasive authority, we hold that a defendant asserting self-defense cannot introduce evidence of specific instances of a victim's conduct to prove that the victim was the initial aggressor. Accordingly, the trial court did not abuse its discretion in excluding the evidence of Wawrin's prior instances of conduct, and the court of appeals erred in holding to the contrary.

III

**{¶ 14}** In its second proposition of law, the state challenges the court of appeals' reversal of Barnes's conviction for felonious assault arising out of the DeAngelis stabbing. The court of appeals held that the trial court committed plain error when it instructed the jury that felonious assault with a deadly weapon under R.C. 2903.11(A)(2) is a lesser included offense of attempted murder. The state argues that felonious assault under R.C. 2903.11(A)(2) can be a lesser included offense of attempted murder when the offender uses a deadly weapon in connection with his attempt to kill the victim.

**{¶ 15}** In *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, this court adopted a three-pronged test to determine whether a criminal offense is a lesser included offense of another. We held that a criminal offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *Id.* at paragraph three of the syllabus.

**{¶ 16}** In this case, the state characterizes felonious assault with a deadly weapon as the lesser offense and attempted murder as the greater offense. R.C. 2903.11(A)(2) defines felonious assault with a deadly weapon and provides:

"(A) No person shall knowingly:

"* * *

"(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."

{¶ 17} In contrast, R.C. 2903.02(A) and 2923.02(A) define the offense of attempted murder. The murder statute, R.C. 2903.02(A), provides, "No person shall purposely cause the death of another." Thus, a person is guilty of attempted murder when he or she "purposely * * * engage[s] in conduct that, if successful, would constitute or result in" the purposeful killing of another. R.C. 2923.02(A); see, also, *State v. Kidder* (1987), 32 Ohio St.3d 279, 283, 513 N.E.2d 311, 316.

{¶ 18} The state urges us to find that felonious assault under R.C. 2903.11(A)(2) can be a lesser included offense of attempted murder in the specific factual scenario presented here (*viz.*, when an offender uses a deadly weapon as a means of attempting murder). But the second prong of the *Deem* test requires us to examine the offenses at issue *as statutorily defined* and not with reference to specific factual scenarios. "[T]he evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense." *Kidder*, 32 Ohio St.3d at 282, 513 N.E.2d at 315; see, also, *State v. Koss* (1990), 49 Ohio St.3d 213, 218-219, 551 N.E.2d 970, 975. Our comparison of the statutory elements of the two offenses at issue here leads us to conclude that felonious assault under R.C. 2903.11(A)(2) is not a lesser included offense of attempted murder because it is possible to commit the greater offense without committing the lesser one. For example, an offender may commit an attempted murder *without* use of a weapon, meaning that "attempted murder can *sometimes* be committed without committing felonious assault under [R.C. 2903.11(A)(2)]." (Emphasis *sic*.) *State v. Nelson* (1996), 122 Ohio App.3d 309, 315, 701 N.E.2d 747, 750. We are therefore unable to conclude that "the greater offense [attempted murder] cannot, as statutorily defined, *ever* be committed without the lesser offense [felonious assault], as statutorily defined, also being committed." (Emphasis added.) *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294,

paragraph three of the syllabus. Accordingly, the court of appeals correctly found the trial court's instruction to be erroneous.

{¶ 19} Even though the lesser-included-offense instruction was erroneous, the state alternatively argues that the court of appeals should not have found plain error warranting reversal under Crim.R. 52(B). Although Barnes challenged the jury instruction in the court of appeals, he failed to object to it at trial and thereby forfeited all but plain error. *State v. Allen* (1995), 73 Ohio St.3d 626, 634, 653 N.E.2d 675, 685; see, also, Crim.R. 30(A). Despite our agreement with the court of appeals that the lesser-included-offense instruction was improper, we cannot agree with its determination that the trial court committed plain error warranting reversal of the conviction.

{¶ 20} Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." By its very terms, the rule places three limitations on a reviewing court's decision to correct an error despite the absence of a timely objection at trial. First, there must be an error, *i.e.*, a deviation from a legal rule. *State v. Hill* (2001), 92 Ohio St.3d 191, 200, 749 N.E.2d 274, 283 (observing that the "first condition to be met in noticing plain error is that there must be error"), citing *United States v. Olano* (1993), 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508, 518 (interpreting Crim.R. 52[B]'s identical federal counterpart, Fed.R.Crim.P. 52[b]). Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. *State v. Sanders* (2001), 92 Ohio St.3d 245, 257, 750 N.E.2d 90, 111, citing *State v. Keith* (1997), 79 Ohio St.3d 514, 518, 684 N.E.2d 47, 54; see, also, *Olano,* 507 U.S. at 734, 113 S.Ct. at 1777, 123 L.Ed.2d at 519 (a plain error under Fed.R.Crim.P. 52[b] is " 'clear' or, equivalently, 'obvious' " under current law). Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial. See,

*e.g.*, *Hill*, 92 Ohio St.3d at 205, 749 N.E.2d at 286; *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899; *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus.

{¶ 21} Even if a forfeited error satisfies these three prongs, however, Crim.R. 52(B) does not demand that an appellate court correct it.  Crim.R. 52(B) states only that a reviewing court "may" notice plain forfeited errors; a court is not obliged to correct them.  We have acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus; see, also, *Olano*, 507 U.S. at 736, 113 S.Ct. at 1779, 123 L.Ed.2d at 521 (suggesting that appellate courts correct a plain error "if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings,' " quoting *United States v. Atkinson* [1936], 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555, 557).

{¶ 22} As we noted above, the trial court incorrectly instructed the jury that felonious assault with a deadly weapon was a lesser included offense of attempted murder.  Barnes therefore satisfied the "first condition to be met in noticing plain error," *i.e.*, the trial court having committed a legal error in instructing the jury on felonious assault as a lesser included offense of attempted murder.  *State v. Hill*, 92 Ohio St.3d at 200, 749 N.E.2d at 283.  This error, however, was not "plain" at the time that the trial court committed it.  Before today, this court had not decided the question of whether felonious assault with a deadly weapon is a lesser included offense of attempted murder.  See, *e.g., State ex rel. Beaver v. Konteh* (1998), 83 Ohio St.3d 519, 521, 700 N.E.2d 1256, 1258, fn. 1; *State v. Williams* (1998), 81 Ohio St.3d 1262, 1262-1263, 693 N.E.2d 282 (Cook, J., dissenting).  The Ohio appellate courts were divided on this issue as well.  Compare *Nelson*, 122 Ohio App.3d 309, 701 N.E.2d 747; *State v. Hall* (May 17, 1996), Sandusky App. No. S-

95-032, unreported, 1996 WL 256610, and *State v. Hammers* (Feb. 28, 1996), Medina App. No. 2469-M, unreported, 1996 WL 84616 (felonious assault with a deadly weapon *is not* a lesser included offense of attempted murder), with *State v. Kaiser* (Oct. 15, 1986), Montgomery App. No. 9287, unreported, 1986 WL 11812, and *State v. Mabry* (Nov. 1, 1984), Cuyahoga App. No. 47821, unreported, 1984 WL 3553 (felonious assault with a deadly weapon *is* a lesser included offense of attempted murder). The lack of a definitive pronouncement from this court and the disagreement among the lower courts preclude us from finding plain error. Cf. *United States v. Aguillard* (C.A.11, 2000), 217 F.3d 1319, 1321 (holding that an error cannot be deemed plain if there is no controlling case law on point and the authority in other circuits is split); *United States v. Thompson* (C.A.9, 1996), 82 F.3d 849, 856 (same); *United States v. Alli-Balogun* (C.A.2, 1995), 72 F.3d 9, 12 (same); *United States v. Williams* (C.A.6, 1995), 53 F.3d 769, 772 (same).

{¶ 23} Despite the lack of an obvious error by the trial court in giving the instruction, the court of appeals corrected the defect by reversing Barnes's conviction for felonious assault. In doing so, the court of appeals emphasized the third limitation on plain-error review, noting that it recognized plain error when a defect in the trial proceedings affects a defendant's substantial rights. But if a forfeited error is not plain, a reviewing court need not examine whether the defect affects a defendant's substantial rights; the lack of a "plain" error within the meaning of Crim.R. 52(B) ends the inquiry and prevents recognition of the defect. See *Sanders*, 92 Ohio St.3d at 257, 750 N.E.2d at 111 ("under Crim.R. 52[B] plain error must be 'obvious' as well as outcome-determinative"); see, also, *Hill*, 92 Ohio St.3d at 205, 749 N.E.2d at 287 (Cook, J., concurring). By failing to conduct the proper plain-error analysis required by Crim.R. 52(B), the court of appeals erred as a matter of law in reversing Barnes's conviction for felonious assault.

IV

**{¶ 24}** For the foregoing reasons, we reverse the judgment of the court of appeals and remand this cause for further proceedings not inconsistent with this opinion.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., RESNICK and F.E. SWEENEY, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

DOUGLAS, J., dissents and would affirm the judgment of the court of appeals.

PFEIFER, J., dissents.

_____

**LUNDBERG STRATTON, J., concurring**.

**{¶ 25}** I concur as to the majority's holding that a defendant asserting self-defense cannot introduce evidence of specific instances of a victim's conduct to prove that the victim was the initial aggressor. I further concur that the trial court did not commit plain error when it instructed the jury that felonious assault with a deadly weapon is a lesser included offense of attempted murder. However, I disagree with the majority's analysis because I would hold that the trial court did not commit error in its jury instruction.

**{¶ 26}** In *State v. Williams* (1998), 81 Ohio St.3d 1262, 693 N.E.2d 282, I joined in a dissent that concluded that under *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, felonious assault is not a lesser included offense of attempted murder. However, I have subsequently seen the confusion and inconsistency resulting from the analysis delineated in *Deem* and *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311, and I therefore write separately to voice my disagreement with that analysis today.

**{¶ 27}** In this case, the defendant stabbed two men during an argument. One of the two men died of his injuries several days later. For this crime, Barnes

was indicted on one count of murder but convicted of the lesser included offense of involuntary manslaughter. With regard to the victim who survived (at issue in this case), Barnes was indicted on one count of attempted murder but was convicted of the lesser included offense of felonious assault.

{¶ 28} The appellate court reversed the conviction for felonious assault, finding that felonious assault is not a lesser included offense of attempted murder under prior precedent of this court. The majority upholds that finding, despite the fact that the victim was stabbed, a scenario that common sense tells us would constitute felonious assault.

{¶ 29} The majority sets forth the test articulated by this court in *Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294, in order to determine whether a criminal offense is a lesser included offense of another. A criminal offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. *Id*. at paragraph three of the syllabus.

{¶ 30} In this case, only the second prong of the *Deem* test is at issue, that is, whether the greater offense (attempted murder), as statutorily defined, cannot ever be committed without the lesser offense (felonious assault), as statutorily defined, also being committed. The majority looks to the statutory definitions of attempted murder and felonious assault and concludes that felonious assault under R.C. 2903.11(A)(2) is not a lesser included offense of attempted murder because it is possible to commit the greater offense without committing the lesser one. The majority cites as an example an offender who commits attempted murder *without* the use of a deadly weapon or dangerous ordnance.

{¶ 31} *Deem* and the two statutes compel the conclusion reached by the majority; however, I disagree with the majority's method of analysis. Instead, I

would hold that "[i]n determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes, but must also be considered in light of the *particular facts* of each case." *Ingram v. State* (Ala.Crim.App.1990), 570 So.2d 835, 837 (although interpreting a statute different from ours, I find that the Alabama Criminal Court of Appeals' position addresses the realities of cases such as the one presently before the court today). See, also, *Ex parte Jordan* (Ala.1986), 486 So.2d 485, 488.

{¶ 32} Further, I disagree with the dicta that this court set forth in *State v. Kidder* (1987), 32 Ohio St.3d 279, 513 N.E.2d 311, in which we held that considering the underlying facts of the crimes in completing this analysis is "contrary to our longstanding rule that the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense. The facts become relevant only in the determination of whether a jury could reasonably convict the defendant of the lesser included offense as defined." *Kidder*, 32 Ohio St.3d at 282, 513 N.E.2d at 315.

{¶ 33} I believe that the abstract test that this court employs today will beget illogical results in the future. Decisionmaking in the abstract leaves trial courts to struggle with a test that allows criminal defendants to walk away from their crimes, despite the fact that they fit all of the elements of the lesser included offense, unless the state indicts them separately on each potential offense.

{¶ 34} The Fifth District Court of Appeals expressed frustration over this very issue in *State v. Nelson* (1996), 122 Ohio App.3d 309, 701 N.E.2d 747. Nelson was arrested and charged with attempted murder in violation of R.C. 2903.02 and 2923.02 after he knifed the victim. Nelson was bound over on the charge of felonious assault in violation of R.C. 2903.11(A)(1) and (2), but he was later indicted on one count of attempted murder. The jury was instructed on attempted

murder and felonious assault. The jury found Nelson not guilty of attempted murder but guilty of felonious assault.

{¶ 35} The Fifth District Court of Appeals held, "Though we find the decision to sustain appellant's third assignment of error distasteful, we are compelled to do so as a matter of law. What is distasteful is that we fully believe that the evidence totally supports the jury's finding that appellant was guilty of felonious assault. However, we find that the rule set forth by the Ohio Supreme Court in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, paragraph three of the syllabus, mandates reversal." *Nelson*, 122 Ohio App.3d at 313, 701 N.E.2d at 750.

{¶ 36} Rather than continue on the path of examining cases in a vacuum, I would hold that the offense of felonious assault *can be* a lesser included offense of attempted murder, depending on the facts and circumstances of each case. Further, I would hold that in determining whether one offense is a lesser included offense of the charged offense, the potential relationship of the two offenses must be considered not only in the abstract terms of the defining statutes, but must also be considered in light of the *particular facts* of each case. *Ingram*, 570 So.2d at 837.

{¶ 37} Accordingly, I would find that felonious assault under R.C. 2903.11(A)(2) can be a lesser included offense of attempted murder where, as here, an offender uses a deadly weapon as the means of attempting murder. Clearly, this stabbing victim was feloniously assaulted. To find otherwise frustrates the administration of justice. I therefore concur with the majority's holding in Part III, but dissent from its analysis.

_____

**PFEIFER, J., dissenting.**

{¶ 38} I dissent from both of the majority's holdings. First, I dissent from the majority's effective holding that a defendant can never introduce specific instances of a victim's conduct to prove a self-defense claim. The majority holds

that if a victim's character or character trait is not a legal element of the defense, that is, a *definitional* element of the defense, then specific conduct proving that character trait cannot be introduced as evidence. The majority holds that an element of the defense must *require* proof of the victim's character or character traits before specific conduct may be introduced. Since no element of self-defense *requires* any evidence of the victim's character, the majority's holding is broader than it admits.

{¶ 39} I believe that the rule has a more practical reading. Evid.R. 405 is a rule of evidence, and the rule should be read to say that as long as the instances of specific conduct provide *evidence* of an essential element of a defense, they are admissible. This reading of the rule preserves the divide between reputation testimony and evidence of specific conduct. A defendant can introduce reputation testimony if the character trait of the victim is "pertinent." Evid.R. 404(A)(2) and 405(A). The standard for evidence of specific conduct is higher: it must go to an essential element of the defense. Evid.R. 405(B). The majority elevates to a level of *impossibility* the standard for admission of specific conduct. Although the majority claims to leave open the issue of whether testimony of specific instances of a victim's conduct is admissible to show a defendant's state of mind, it has, in effect, resolved that question, too. While a defendant's state of mind is an element of a self-defense case, that element does not *require* proof of the victim's character or character traits. Thus, under today's holding, evidence of specific conduct would also be inadmissible in that context despite the majority's apparent approval of *State v. Baker* (1993), 88 Ohio App.3d 204, 211, 623 N.E.2d 672, 676 and its holding otherwise.

{¶ 40} Evidence of the victim's character offered in the form of specific instances of his conduct could have been employed by this defendant to establish the first element of self-defense: that he was not at fault in creating the situation giving rise to the affray. *State v. Robbins* (1979), 58 Ohio St.2d 74, 12 O.O.3d 84,

16

388 N.E.2d 755, paragraph two of the syllabus. The trial court erred in not admitting that evidence.

{¶ 41} I also dissent from the majority's holding that the trial court did not commit plain error when it instructed the jury that felonious assault with a deadly weapon is a lesser included offense of attempted murder. The majority correctly finds that under R.C. 2903.11(A)(2), felonious assault is not a lesser included offense of attempted murder. But it finds that the trial court's error in holding otherwise was not obvious enough to constitute plain error. To the contrary, simply reading the syllabus law of this court in *State v. Deem* (1988), 40 Ohio St.3d 205, 533 N.E.2d 294, and comparing the statutes defining felonious assault with a deadly weapon and attempted murder leads to the inescapable, crystal clear conclusion that the majority itself reaches. It's cold logic. It's unassailable. It's obvious. It's plain error.

_____

*Victor V. Vigliucci*, Portage County Prosecuting Attorney, and *Kelli K. Norman*, Assistant Prosecuting Attorney, for appellant.

*Dennis Day Lager*, Portage County Public Defender, for appellee.

*Dennis Watkins*, Trumbull County Prosecuting Attorney, and *LuWayne Annos*, Assistant Prosecuting Attorney, urging reversal for *amicus curiae* Ohio Prosecuting Attorneys Association.

*Betty D. Montgomery*, Attorney General, and *David M. Gormley*, State Solicitor, urging reversal for *amicus curiae* Attorney General of Ohio.

_____