OPINION
{¶ 1} This is an appeal from the judgment of the Marysville Municipal Court which found Defendant-appellant, Russell Kelm ("Kelm"), guilty of speeding.
 {¶ 2} On August 11, 2002, Kelm, while operating a motorcycle, entered U.S. 33 eastbound toward Columbus, Ohio. An Ohio Highway Patrol cruiser followed Kelm on to U.S. 33 with other cars between them. After verifying that Kelm was speeding, the trooper, Timothy Jones ("Jones"), pulled Kelm over and issued him a citation for driving over 80 mph in a 65 mph zone.
 {¶ 3} On August 15, 2002, Kelm filed a not guilty plea and demanded a trial. A trial was held on September 6, 2002 at which Jones testified that he paced Kelm two or three times in excess of 80 mph over a five mile distance. Additionally, Jones testified that he had received training as to how to estimate vehicle speeds and had been estimating the speeds of vehicles for over twenty-one years. Finally, Jones testified that he used a calibrated radar to check the speed of his own car[1]
and that he checked the calibration on the radar before and after this incident. No other witnesses testified.
 {¶ 4} At the conclusion of the evidence, the trial court found Kelm guilty of speeding. Kelm now appeals asserting a single assignment of error.
 The trial court erred in basing a conviction on expert testimony admitted into evidence in violation of Evidence Rules 702-705.
 {¶ 5} While Kelm admits that he failed to object to Jones' testimony at trial, he now claims that plain error occurred. In order to have plain error under Crim.R. 52(B) there must be an error, the error must be an "obvious" defect in the trial proceedings and the error must have affected "substantial rights. State v. Barnes, 94 Ohio St.3d 21,28, 2002-Ohio-68. Plain error is to be used "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id.
 {¶ 6} Kelm argues that the trial court erred in allowing Jones to render an expert opinion when he had not been qualified as an expert. However, Jones did not testify as an expert on vehicle speed, rather he merely rendered an opinion based on facts which he observed as a lay witness. A lay witness may testify to opinions which are "(1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."
Evid.R. 701. Furthermore,
 Ohio has long recognized that a non-expert witness can properly express opinions which are based on common observations where no extraordinary degree of technical training is required. [citation omitted] When the opinion concerns a subject upon which any ordinarily intelligent person may possess special knowledge and experience, qualification is not necessarily a prerequisite to relating the observation and opinion.
 {¶ 7} State v. Cooper (Oct. 2, 1985), Logan App. No. 8-84-31 at *6-7, citing State v. Aurebach (1923), 108 Ohio St.96, 98. Specifically, in Aurebach, the Ohio Supreme Court determined that a "person of ordinary intelligence and experience without proof of further qualification, who observes a passing automobile, is presumably capable of expressing his opinion as to its speed." Id. Furthermore, whether the witness may express an opinion is within the sound discretion of the trial court and as the opinion is always subject to cross-examination, the verdict should not be disturbed upon this ground unless there is an abuse of discretion. Id.;State v. Qualls (Oct. 22, 2001), Marion App. No 9-01-07, 2001 Ohio 2296, at *4.
 {¶ 8} In this case, Jones testified as to Kelm's speed, stating that he paced Kelm's motorcycle at 80 mph for several miles and corroborated his own speed with that recorded on his radar. As it was within the trial court's purview to allow the lay witness testimony and to weigh the credibility of the witness, we do not find that the trial court committed any error, much less plain error. Therefore, Kelm's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 BRYANT, P.J., and WALTERS, J., concur.
[1] The radar in Jone's patrol car was only capable of determining the speed of his own vehicle and that of the vehicles coming toward him.