[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} In three assignments of error, defendant-appellant Robert Goodman appeals from his conviction and sentence for felonious assault after a bench trial in the Hamilton County Common Pleas Court. After acquitting Goodman of two counts of robbery and merging two felonious-assault counts for sentencing, the trial court imposed the maximum eight-year sentence of incarceration upon Goodman.
 {¶ 3} In July, 2001, Goodman and co-defendants Jerome Dennis and Keith Anderson approached four youths in a heavily wooded area of Colerain Township called Coogan Falls. The youths were drinking alcohol and smoking marijuana. Goodman and his comrades asked if the youths had any marijuana for sale. The two groups smoked some marijuana together. After the one female youth left, Goodman and his two comrades positioned themselves near each of the remaining three youths. Goodman then attacked one of the youths while his comrades each assaulted the other youths. Goodman used a rock and his fists to inflict severe wounds on his victim, who was found face down near the creek with slow, shallow breathing. The victim, suffering from brain damage, was evacuated to a hospital by a medical-emergency helicopter.
 {¶ 4} In his first assignment of error, Goodman asserts that the trial court erred by imposing the maximum sentence. To impose more than the shortest term required for one, like Goodman, who has not previously served a prison term, the trial court must make one of the findings listed in R.C. 2929.14(B). To impose the maximum sentence upon one who is not a major drug offender or a repeat violent offender, a trial court must find that the felon either had committed one of the "worst forms of the offense" or posed the greatest likelihood of recidivism. See R.C.2929.14(C); see, also, State v. Condon, 1st Dist. No. C-020262, 2003-Ohio-2335, at ¶ 109. A trial court sentencing an offender to the maximum prison term must make the required findings and specify on the record its reasons supporting those findings. See R.C.2929.19(B)(2)(d).
 {¶ 5} The trial court in this case found not only that imposition of the shortest prison term demeaned the seriousness of Goodman's crime and would not adequately protect the public, in light of his prior delinquencies, but that Goodman had committed one of the worst forms of the offense and possessed the greatest likelihood of recidivism. He, therefore, deserved the maximum sentence. In making this determination, the trial court clearly found, and the record supports the conclusions, that Goodman's unprovoked attack caused life-threatening injuries to his victim. The assignment of error is overruled.
 {¶ 6} Goodman's second assignment of error, in which he claims that the assistant prosecutor committed misconduct in the closing and sentencing arguments by referring to inconsistencies in the co-defendants' statements, is overruled. Goodman did not object to the assistant prosecutor's arguments. This failure waived all but plain error. See Crim.R. 52(B); see, also, State v. Fears, 86 Ohio St.3d 329,332, 1999-Ohio-111, 715 N.E.2d 136. In order to prevail on a claim governed by the plain-error standard, Goodman must demonstrate that the outcome of his trial would clearly have been different but for the errors he alleges. See State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68,759 N.E.2d 1240. In light of the ample evidence, other than the co-defendants' statements, adduced at trial to support Goodman's conviction, the trial court's acquittal on the robbery counts, and the trial court's declaration that it would consider the evidence of each offender's crimes separately, none of the comments, even if arguably inappropriate, were so prejudicial as to constitute plain error and to deny Goodman a fair trial.
 {¶ 7} In his third assignment of error, Goodman challenges the weight of the evidence adduced at trial to support his conviction for felonious assault. He contends that the trial court disregarded his contention that the severely injured victim provoked the attack by calling Goodman a "nigger" or "bitch."
 {¶ 8} Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See Tibbs v. Florida (1982), 457 U.S. 31,102 S.Ct. 2211; see, also, State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541. The trial court was entitled to reject Goodman's theory of the case. The state presented ample evidence that there was no discord between the attackers and the victims before Goodman and his comrades simultaneously positioned themselves near the three victims and launched their assault. One of the victims was also an African-American. As the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine, see State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus, the trial court, in resolving conflicts in the testimony, could properly have found that Goodman had knowingly causing serious physical harm. The assignment of error is overruled.
 {¶ 9} Therefore, the judgment of the trial court is affirmed.
 {¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.