DECISION AND JUDGMENT ENTRY
{¶ 1} Brian E. Skinner appeals the Washington County Court of Common Pleas' sentencing entry. Skinner contends that the trial court erred when it imposed consecutive sentences because the record shows that he (1) lived a law-abiding life for a significant number of years, (2) posed the lowest likelihood of re-offending, and (3) is remorseful. We disagree because the trial court at the sentencing hearing made its required findings and gave sufficient reasons to support those findings as required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)(c). State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The grand jury indicted Skinner on two counts of corruption of a minor (felonies of the fourth degree), violations of R.C. 2907.04
and three counts of pandering sexually oriented material involving a minor (felonies of the second degree), violations of R.C. 2907.322(A)(1), (A)(2), and (C). Skinner entered a plea of guilty to all five counts. He admitted that he took pictures of his fourteen-year-old first cousin in various sexual positions and used alcohol and cigarettes to reward him for those pictures. The trial court found him guilty, ordered a pre-sentence investigation ("PSI") along with a victim impact statement and set the matter for a sexual offender status and sentencing hearing.
 {¶ 3} At the hearing, the trial court first found that Skinner was a sexually oriented offender, instead of a sexual predator. Then, the trial court moved on to sentencing Skinner.
 {¶ 4} The trial court sentenced Skinner to one year in prison for each of the two counts of corrupting a minor and four years in prison for each of the three counts of pandering obscenity. The trial court made the sentences consecutive except for one of the corruption of a minor offenses, which it made concurrent to the other four counts. Skinner received a total definite prison term of thirteen years.
 {¶ 5} At the sentencing hearing, the trial court made R.C. 2929.14(E) findings for consecutive sentences. The court found that consecutive sentences "are necessary to protect the public from future crime and to punish the Defendant, * * * are not disproportionate to the seriousness of the Defendant's conduct and the danger he poses to the public[,] * * * and that the harm caused was great or unusual and no single prison term for any offense committed — was committed as a single part of a single course of conduct, and therefore, adequately reflects the seriousness of the defendant's conduct[.]"
 {¶ 6} At that hearing, the trial court reviewed the facts and later incorporated those facts by reference as his reasons for giving consecutive sentences. The court noted that Skinner has two prior convictions for domestic violence; he provided the victim with alcohol and tobacco, both illegal substances for a minor; he does show appropriate remorse; he seemed to minimize his conduct by portraying the victim as setting him up and trying to blackmail him; he was law-abiding for a significant number of years; he is community-oriented; he is thirty-eight (38) years old and the victim is now 15; the victim suffered psychological harm and is in counseling; he and the victim are first cousins; some organization was involved because other people were contacted on the internet and brought to the victim; and the course of conduct involved selling and buying pornography and transporting it over the internet involving some people under the age of eighteen.
 {¶ 7} The court read the sheriff's office interview with the victim from the PSI.
[The victim's] position was that he had been raped or molested between 20 to 30 times by his cousin, the Defendant, and the co-Defendant, Mr. Fox, who we sentenced earlier here.
He indicated that Mr. Fox purchased alcohol and cigarettes for him, and that after they went back to Fox's and the Defendant's apartment, he became — the victim — intoxicated, consumed eight to nine beers and then there was a sexual molestation that occurred there that is described in some detail.
He also says he had anal sex with them, and he named several different individuals that were adults that occurred in this Defendant's home. He says they also had other types of sexual contact and conduct.
He says that the photographs, that they would take photographs, download the photographs in the camera in the computer. His allegation is, they were sold on the Internet, along with other pictures they had.
 {¶ 8} The court next read the sheriff's office third interview with Skinner from the PSI.
[Skinner] showed them a series of 48 photographs, which were obtained from his computer field. At first, he denied any knowledge, and then he did relate that Phillip Hughes was a frequent — frequent visitor at his residence, that he met Mr. Swingle at that home. He — they engaged in activity, then pictures were taken of that sexual activity. He — this is where he relates that he thinks it was done for blackmail. He — he minimizes somewhat here. He says they were posed for.
 {¶ 9} The last sheriff's office interview that the trial court read from the PSI was with Mr. Fox.
[Fox] admitted he was present — present when this — Mr. Hughes performed anal sex and — in this gentleman's home, that they had been drinking at the time. And that there were pictures taken of him, as a 15-year-old person.
So, this — happened over a period of time.
 {¶ 10} Later, the trial court said, "This matter happened over many months. It's multiple criminal activity. It involves other people. It involves disseminating the information and profiting from the sexual activities with a minor. And therefore, I believe that he is — should — that the Defendant, the harm caused was great and unusual and no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the Defendant's conduct."
 {¶ 11} Skinner appeals and asserts the following assignment of error: "The trial court erred when it ordered Mr. Skinner to serve consecutive sentences. See Fifth and fourteenth Amendments to the United States Constitution. (Tr.pp. 126-132)."
 II. {¶ 12} Although the "Fifth and Fourteenth Amendments to the United States Constitution" appear in his assignment of error, Skinner does not incorporate these amendments into any of his arguments. Instead, Skinner contends that although the trial court made the required findings under R.C. 2929.14(E)(4), the reasons given for imposing consecutive sentences did not support some of the findings. We disagree.
 {¶ 13} When a trial court imposes a sentence that is contrary to law, a defendant has an appeal as of right. R.C. 2953.08(A)(4). We may reverse a sentence only when we find by clear and convincing evidence that the record does not support the sentence or it is contrary to law. R.C. 2953.08(G)(2). We may reverse a consecutive sentence when the trial court does not make its required findings or the reasons supporting those findings at the sentencing hearing. Comer at paragraph one of the syllabus. In this context, we do not substitute our judgment for that of the trial court, and we do not simply defer to the trial court's discretion. State v. Keerps, Washington App. No. 02CA2, at ¶ 17, 2002-Ohio-4806.
 {¶ 14} Generally, a trial court should impose concurrent sentences. R.C. 2929.41(A). One exception to this general rule is found in R.C. 2929.14(E)(4). This statute sets out a tri-partite procedure that a trial court must follow when it imposes consecutive sentences. First, a trial court must find that consecutive sentences are "necessary" to protect the public or to punish the offender. Second, a court must find that the proposed consecutive sentences are "not disproportionate" to the seriousness of the offender's conduct and the "danger" that the offender poses. Third, a court must find the existence of one of the three enumerated circumstances in sub-parts (a) through (c), which provide: "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense. (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." See Griffin Katz, Ohio Felony Sentencing Law (1999 Ed.) 464, § 7.9.
 {¶ 15} The court must make its three statutorily enumerated findings, along with the reasons to support those findings, at the sentencing hearing. Comer, supra, paragraph one of the syllabus (R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c) interpreted). The court cannot wait to make its findings (and reasons supporting them) until the judgment entry. Id.
 {¶ 16} Here, the trial court made the following first finding at the sentencing hearing: (1) "[C]onsecutive sentences * * * are necessary to protect the public from future crime and to punish the Defendant[.]" Skinner argues that the evidence shows that he "only exhibited the lowest likelihood of recidivism." Thus, Skinner concludes that the trial court could not find that consecutive sentences are necessary to protect the public. We will assume, arguendo, that Skinner is right on this point. However, the trial court also found that consecutive sentences are necessary to punish the defendant. This finding meets the first requirement of R.C. 2929.14(E)(4), which provides that the trial court must find that consecutive sentences are necessary to protect the publicor to punish the defendant. Skinner does not maintain that the trial court's reasons do not support this part of the finding. Consequently, the trial court did not err because the statute uses the word "or" instead of the word "and" to separate the two possible findings.
 {¶ 17} We do not address the reasons behind the trial court's second finding because Skinner does not challenge them. Skinner does maintain that the trial court did not have reasons to support its third finding under R.C. 2929.14(E)(4)(a) or (c). Because the trial court did not make any findings under these two sections of the statute, we will not address Skinner's arguments because they are moot. Skinner does, however, challenge the trial court's reasons behind its third finding under R.C. 2929.14(E)(4)(b).
 {¶ 18} The trial court made the following third finding: "[T]he harm caused was great or unusual and no single prison term for any offense committed — was committed as a single part of a single course of conduct, and therefore, adequately reflects the seriousness of the Defendant's conduct, if we would give him one sentence." The trial court gave the following reasons to support this finding: "This matter happened over many months. It's multiple criminal activity. It involves other people. It involves disseminating the information and profiting from the sexual activities with a minor." Skinner maintains that "the mental anguish and any sort of embarrassment suffered by the victim was not unusual, but typical." We disagree. The harm did not involve just a single incident. Instead, Skinner was involved in a pattern of conduct that greatly increased the harm. The pattern of conduct continued over several months and involved other people, including other minors. Skinner disseminated the pictures many times over the internet for money. Hence, we find that the trial court's reasons do support this finding.
 {¶ 19} Skinner next argues that "the thirteen-year total sentence imposed in this case contravenes R.C. 2929.13(A)'s proscription against sentences that impose an unnecessary burden on governmental resources." Skinner did not raise this argument in the trial court. Thus, he did not properly preserve the argument for appellate review, and we may only reverse the trial court's judgment if the thirteen-year sentence is plain error. See Crim.R. 52(B); State v. Ballew (1996), 76 Ohio St.3d 244,254.
 {¶ 20} Notice of plain error under Crim.R. 52(B) is to be taken with the "utmost of caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Barnes (2002),94 Ohio St.3d 21, 27. Plain error should not be invoked unless it can be said that, but for the error, the outcome would have been different. See, e.g., State v. Jackson (2001), 92 Ohio St.3d 436, 438.
 {¶ 21} Here, the thirty-eight-year-old Skinner has two prior criminal convictions. He used alcohol and tobacco to induce his fourteen-year-old first cousin to commit certain sexual acts — not once or twice, but over a period of months. The victim indicated that Skinner and Fox had raped or molested him twenty to thirty times. He minimized his conduct by portraying the victim as setting him up and trying to blackmail him. The victim suffered psychological harm and is in counseling. He brought other people into his relationship with his cousin. He sold the photographs of the sexual acts over the internet. The trial court did not give him maximum sentences and did not run all five of the offenses consecutively. Hence, based on the totality of the circumstances, we cannot say that a thirteen-year sentence creates an unreasonable burden on public resources. Consequently, we find that there was no manifest miscarriage of justice because the trial court did not commit any error, let alone plain error.
 {¶ 22} Accordingly, we overrule Skinner's assignment of error.
 III. {¶ 23} In conclusion, we find that the record supports consecutive sentences and that the sentence is not contrary to law. Accordingly, we overrule Skinner's assignment of error and affirm the judgment of the trial court.
Judgment Affirmed.
Harsha, J. and Abele, J., concur in Judgment and Opinion.