[Cite as *State v. Ross*, 2011-Ohio-6028.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   10 MA 86 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| EUGENE ROSS, SR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Common Pleas
Court, Case No. 09CR885.

JUDGMENT:                              Affirmed.

APPEARANCES:
For Plaintiff-Appellee:                  Attorney Paul Gains
                                               Prosecuting Attorney
                                               Attorney Ralph Rivera
                                               Assistant Prosecuting Attorney
                                               21 West Boardman Street, 6th Floor
                                               Youngstown, Ohio  44503


For Defendant-Appellant:              Attorney Gary Van Brocklin
                                               P.O. Box 3537
                                               Youngstown, Ohio  44513-3537


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 16, 2011

VUKOVICH, J.

¶{1} Defendant-appellant Eugene Ross appeals from his conviction of gross sexual imposition entered in the Mahoning County Common Pleas Court. He argues that the state's expert improperly testified to the veracity of the child victim's testimony. For the following reasons, the judgment of the trial court is affirmed.

## STATEMENT OF THE CASE

¶{2} Appellant was indicted for two counts of rape for the alleged digital penetration of his wife's eight-year-old granddaughter. The child testified that in 2008, she was sleeping at her maternal grandmother's house when she was awakened by someone touching her "private." (Tr. 40). She stated that she felt a finger not merely outside of her private but inside her and it burned and itched near the "hole" from which she urinates. (Tr. 42, 44). She opened her eyes and saw a man in boxer shorts with gray hair bending over her in the dark, from which she deduced that the person was appellant. (Tr. 43). She testified she thought that it might have been a dream; however, her underwear had been pulled down to her knees. (Tr. 41).

¶{3} She also testified that she informed her grandmother the next day and then told her mother. She explained that her grandmother told her she was "full of baloney." (Tr. 45-46). Her grandmother testified that she does not recall being told this in 2008. (Tr. 370-371). However, the child's mother testified that she approached the grandmother about the child's accusation but the grandmother denied that it could be true and asked the child if she had been dreaming. (Tr. 392-393).

¶{4} The issue was not pursued, and according to the child, it happened again in the spring of 2009. This time she was sure she had not been dreaming. (Tr. 49). She testified that the finger was deep inside of her and that she heard appellant tell her, "shhh." (Tr. 50). In June of 2009, as a response to her father instructing her to enjoy her time with her maternal grandmother, the child told her father that appellant

poked at her vagina with his finger a few months prior. The father then started the reporting process. (Tr. 53-54).

¶{5} The jury found appellant not guilty of rape but convicted him of the two lesser included offense counts of gross sexual imposition. See R.C. 2907.05(A)(4) (sexual contact with a child under thirteen), (C) (third degree felony). The court then sentenced appellant to a maximum sentence of five years on each count to run consecutively. The within timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

¶{6} Appellant's sole assignment of error provides:

¶{7} "It was error to allow Dr. McPherson to testify to the veracity of the child witness/victim's veracity."

¶{8} The state presented the expert testimony of a physician who is the medical director of the Child Advocacy Center. He did not examine the child but conducted a file review. Appellant takes issue with certain portions of the physician's testimony, which appellant characterizes as an act of vouching for the child's credibility on the issue of whether digital penetration occurred.

¶{9} The physician testified that he often hears child sexual abuse victims describing a feeling of burning. (Tr. 153). He explained that this could indicate that the area where the urine comes out was irritated or it could be because certain areas of a prepubescent female's genitals are painful when touched, such as the hymen. (Tr. 153-154). When the state asked if the burning sensation indicates that the touching was inside or outside of the vagina, the physician answered that it could be either but stated that the sensation would at least mean that an object passed through the labia majora. (Tr. 154, 156). He was then asked about a description of tickling. However, he merely stated that any sensitive area could produce this symptom, including the area outside the labia. (Tr. 155). He then disclosed that it is very rare that a child can distinguish when something is inside or outside of their vaginal cavity. (Tr. 156). Appellant also takes issue with the following statement: "If a child has no experience with a certain event or act, they would not -- or it would be extremely difficult for them to incorporate that act into a fantasy detail." (Tr. 184).

¶{10} Initially, we emphasize that no objection was entered to any of this testimony. Thus, appellant waived all but plain error. See, e.g., *State v. Trimble*, 122 Ohio St.3d 297, 2009–Ohio–2961, ¶132. A case cannot be reversed under the plain error doctrine unless there exists an obvious error under exceptional circumstances, that error is outcome determinative, and the failure to correct the error would result in a travesty of justice. Crim.R. 52(B) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."); *State v. Barnes* (2000), 94 Ohio St.3d 21, 27.

¶{11} We next point out that the latter statement (about the extent of a child's ability to make something up) was made on redirect. However, it was first elicited on cross-examination where defense counsel was trying to establish that children often vividly imagine events that have never occurred. (Tr. 166). Instead, the physician answered that it is very uncommon for a young child, who has no sexual knowledge, to make up something that they have not encountered because they have no experience upon which to base that imaginative situation. (Tr. 167-168). Nothing similar to this was elicited on direct. (Tr. 151) (where the physician merely stated that children use what they know to explain something). Thus, any error here can also be considered invited. *State v. Campbell* (2000), 90 Ohio St.3d 320, 324 (the doctrine of invited error holds that a litigant may not take advantage of an error which he himself invited or induced).

¶{12} Furthermore, an expert is not prohibited from opining that in the realm of childhood imaginations, it is uncommon for a young child with no exposure to the concept of sexual activity to be able to fabricate a sexual event like this. Nor is an expert prohibited from testifying as to what behavior could cause certain physical sensations. The physician did not testify that the burning, pain, or pressure definitely occurred. Rather, he testified that the labia majora or outer lips would have been passed if the child felt burning, pressure, and pain. During this portion of the testimony, the physician was relating what the symptoms reported by the victim could mean and whether they were consistent with the victim's story. Merely because his medical conclusions (that the physical sensations described are consistent with a

finger touching a child's vaginal area) bolster the victim's credibility does not mean the testimony is improper. As the state points out, the Ohio Supreme Court has ruled:

¶{13} "An expert witness's testimony that the behavior of an alleged child victim of sexual abuse is consistent with behavior observed in sexually abused children is admissible under the Ohio Rules of Evidence. Therefore, the trial court did not abuse its discretion by admitting [the expert's] testimony.

¶{14} "According to the appellate court's formulation of the issue certified to this court, if the expert testimony at issue is inadmissible, it is because it 'impermissibly conveys to the jury the expert's belief the child was actually abused.' It is permissible, however, for an expert to convey this belief to the jury. Evid.R. 704 provides that opinion evidence is not objectionable solely because it embraces an ultimate issue of fact." *State v. Gersin* (1996), 76 Ohio St.3d 491, 494, citing *State v. Boston* (1989), 46 Ohio St.3d 108.

¶{15} Moreover, appellant was acquitted of rape, which charge alleged penetration, and convicted of gross sexual imposition, which charge did not require penetration. Thus, the jury did not rely on testimony regarding penetration and in fact decided that no penetration occurred. Consequently, the physician's testimony on penetration was not outcome determinative.

¶{16} As for appellant's mention of a confrontation rights violation, his counsel was able to and did in fact cross-examine the child and physician. As such, this argument is without merit. This assignment of error is overruled.

¶{17} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.