DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, David Hanshaw, has appealed a decision of the Akron Municipal Court that found him guilty of aggravated menacing and criminal damaging. This Court affirms.
 I {¶ 2} Appellant and Dawn Hanshaw, his wife were married on September 1, 2001. After several abusive incidents, Ms. Hanshaw left Appellant and went to the Battered Women's Shelter ("BWS"). After her stay at BWS, she moved into her parents' home in Springfield Township.
 {¶ 3} Around June of 2002, Ms. Hanshaw began dating Patrick Miller. After attending a wedding on July 13, 2002, Ms. Hanshaw and Mr. Miller returned to Ms. Hanshaw's parents' home sometime between 1:00 and 2:00 a.m. The two were kissing when they heard a voice through the screen in the window say, "You know you're gonna die for fucking my wife." Mr. Miller responded to the voice and then saw a hand containing a shiny object that Mr. Miller believed to be a box cutter punch through the screen. Ms. Hanshaw recognized the voice as being the voice of appellant. Ms. Hanshaw called the police. Appellant left the scene before the police arrived. Both Mr. Miller and David Dixon, Ms. Hanshaw's father and owner of the house, searched for Appellant.
 {¶ 4} Upon arriving at the scene, Officer Joseph Holsopple of the Springfield Township Police Department interviewed Mr. Miller and Ms. Hanshaw and dispatched officers to search for Appellant. Ms. Hanshaw told Officer Holsopple that she recognized the voice of the person threatening Mr. Miller as being the voice of Appellant.
 {¶ 5} After learning that Mr. Miller had never had any previous contact with Appellant before this incident, Officer Holsopple got Appellant's phone number from Ms. Hanshaw and called Appellant's home. Officer Holsopple had Mr. Miller listen to Appellant's outgoing message on his answering machine. Mr. Miller identified the voice on the answering machine as the voice that threatened him through the screen. Appellant was not found on July 14, 2002. A warrant was issued for Appellant's arrest, but no further action was taken.
 {¶ 6} In January 2003, Appellant went to the Springfield Township Police Department to turn himself in. Officer Holsopple spoke with Appellant. Appellant told Officer Holsopple that he was not at the Dixon residence on July 13, 2002. Appellant said that he was in Ravenna, Ohio, with friends at the time the incident occurred.
 {¶ 7} Appellant was charged with one count of aggravated menacing in violation of R.C. 2903.21 and one count of criminal damaging, in violation of R.C. 2909.06. Appellant entered a plea of not guilty, and the case proceeded to trial before a jury. Appellant was found guilty of both counts and sentenced accordingly.
 {¶ 8} Appellant has timely appealed, setting forth one assignment of error for review.
 II Assignment of Error
"The trial court erred and denied [appellant] due process of law and his right to a fair trial by allowing evidence of prior bad acts of [appellant]."
 {¶ 9} In his sole assignment of error, Appellant has argued that the trial court erred by admitting testimony regarding his prior bad acts, and that the admission of this testimony denied him his right to due process and to a fair trial. Specifically, Appellant has argued that the testimony of Patrick Miller, Dawn Hanshaw, and David Dixon regarding his prior bad acts should not have been admitted by the trial court.
 {¶ 10} This Court begins by noting our standard of review with regard to the testimony of Patrick Miller. Miller's testimony was admitted by the trial court over the objection of trial counsel. "`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" (Alterations sic.) State v. Maurer (1984), 15 Ohio St.3d 239,265, quoting State v. Hymore (1967), 9 Ohio St.2d 122, 128. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} In the case sub judice, Appellant was charged with one count of aggravated menacing against Patrick Miller. R.C. 2903.21
prohibits aggravated menacing and provides, in relevant part: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person[.]
 {¶ 12} When questioned by the prosecution, Miller testified that Ms. Hanshaw had told him of mental anguish and abuse that she had suffered at the hand of Appellant. Appellant argues that this line of questioning amounted to the inappropriate introduction of character evidence regarding prior bad acts, which is prohibited by Evid.R. 404(B). Evid.R. 404(B) states:
"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 13} In State v. Maurer, 15 Ohio St.3d at 262, the Supreme Court of Ohio explained that, "it is non-hearsay if an out-of-court statement is offered to prove a statement was made and not for its truth, * * * [but] to show a state of mind." (Citations omitted.)
 {¶ 14} In this case, the State's line of questioning did not concern Appellant's character; it was not offered to prove action in conformity therewith. Rather, it was a specific inquiry as to Miller's state of mind at the time Appellant thrust his arm through the screen in Ms. Hanshaw's bedroom window. Mr. Miller testified he heard the voice threaten him for "fucking" Appellant's wife. Thus, Mr. Miller knew the threat came from Ms. Hanshaw's estranged husband Mr. Miller further testified that he was frightened when Appellant's arm came through the screen and that he believed Appellant was going to try to hurt him.
 {¶ 15} Mr. Miller's statements regarding what Ms. Hanshaw told him about her relationship with Appellant was thus relevant to show Appellant's state of mind. That is, the statement showed that Mr. Miller believed that Appellant would cause him serious physical harm. Because the statement was not offered for the truth of the matter asserted, it cannot be said that the trial court abused its discretion by allowing this testimony into evidence.
 {¶ 16} Next, this Court will discuss the testimony of Dawn Hanshaw and her father, David Dixon. Appellant did not object to the testimony of either Ms. Hanshaw or Mr. Dixon at trial. However, Appellant has asserted plain error on appeal.
 {¶ 17} Prior to discussing the arguments raised, this Court notes that failure to raise an issue at the trial court level usually precludes this Court from reviewing the issue. State v. Quine, 9th Dist. No. 20968, 2002-Ohio-6987, at ¶ 7. A failure to object waives all but plain error. See State v. Coley (2001), 93 Ohio St.3d 253, 266.
 {¶ 18} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). Crim.R. 52(B) places three limitations on the decision of a reviewing court to correct an error despite the absence of a timely objection at trial. State v. Barnes (2002), 94 Ohio St.3d 21, 27. "First there must be an error, i.e., a deviation from a legal rule." Id., citingState v. Hill (2001), 92 Ohio St.3d 191, 200. "Second, the error must be plain. To be `plain' within the meaning of Crim.R. 52(B), an error must be an `obvious' defect in the trial proceedings." Id., citing State v.Sanders (2001), 92 Ohio St.3d 245, 257. "Third, the error must have affected `substantial rights.'" Id. "Affecting substantial rights" under plain error analysis means that the court's error must have affected the outcome of the trial. Id. Plain error is defined as "error but for the occurrence of which it can be said that the outcome of the trial would have clearly been otherwise." State v. Sanders (May 17, 2000), 9th Dist. No. 19783, at 3. The Supreme Court of Ohio has recognized that the plain error doctrine should be applied sparingly and only when necessary to prevent a clear miscarriage of justice. State v. Wolery (1976),46 Ohio St.2d 316, 327.
 {¶ 19} Ms. Hanshaw testified regarding the physical abuse she had suffered at the hands of Appellant which caused her to leave the marriage. Mr. Dixon testified that on at least one occasion, he observed Appellant following Ms. Hanshaw. The State argued that the testimony of Ms. Hanshaw and Mr. Dixon was offered to prove Appellant's identity and motive for the incident at issue, rather than his character.
 {¶ 20} The Supreme Court of Ohio has stated:
"Where the identity of the defendant is the question in issue, any fact which tends to establish the identity has probative value and is none the less competent evidence because it establishes a collateral fact nor because proof of such fact may incidentally involve proof of the commission of another offense. If the fact tends to establish the identity of the accused, it is competent evidence, no matter what else it may prove * * *." (Citations omitted.) State v. Davis (1991),62 Ohio St.3d 326, 338.
 {¶ 21} In this case, Appellant filed a Notice of Alibi with the court prior to trial and presented two witnesses to testify regarding his alibi. Therefore, Appellant put identity at issue. In doing so, Appellant "opened the door" for additional testimony by the State's witnesses regarding prior incidents which would tend to prove Appellant's identity in the commission of the offenses of aggravated menacing and criminal damaging on the date in question. In applying the plain error analysis, this Court cannot say that the trial court erred in admitting the testimony of either Ms. Hanshaw or Mr. Dixon. Therefore, there is no plain error.
 {¶ 22} Appellant's assignment of error lacks merit.
 III {¶ 23} Appellant's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Slaby, P.J. and Batchelder, J. concur.