OPINION
{¶ 1} Plaintiff-appellant, the state of Ohio, appeals a decision of the Clermont County Court of Common Pleas, sustaining the objection of defendant-appellee, Sarah Sturgill, based on the corpus delicti rule, to the admission of her confession into evidence. We reverse the decision of the trial court and remand this matter for further proceedings.
 {¶ 2} The following evidence was adduced at trial. Colleen Sturgill is the grandmother of two and a half-year-old M.S. and her younger brother. Clermont County Department of Job and Family Services ("CCDJFS") had placed the children in Colleen's temporary custody due to problems in the parents' home. Appellee, Colleen's daughter and aunt to the children, also resided in the home.
 {¶ 3} On April 4, 2003, Clermont County Sheriff's Deputy James Kirker was dispatched to appellee's residence "to check on the welfare" of an individual at the address; however, the specific individual was not identified. When Deputy Kirker arrived at the residence, he saw M.S., naked, peering through the screen of an open window. He spoke with appellee through the window and asked her to meet him at the front door of the residence. She did, and admitted Deputy Kirker into the home. Deputy Kirker saw that M.S. was naked, and observed a pair of young girl's underwear and a diaper on the living room floor. M.S.'s younger brother was present and dressed.
 {¶ 4} The state proffered evidence that when Sturgill was asked by the deputy if she knew why he was there, she responded, "because of the bad things I did to [M.S.]." The state also proffered appellee's written confession to the digital and cunnilingual rape of M.S. Applying the corpus delicti rule, the trial court excluded this evidence, finding that the state failed to present any evidence, aside from appellee's statements, to establish that a crime had been committed. The state appeals, raising a single assignment of error:
 {¶ 5} "The trial court erred in excluding evidence pursuant to the corpus delicti rule."
 {¶ 6} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Absent an abuse of discretion, an appellate court will not disturb a trial court's ruling as to the admissibility of evidence. State v. Issa,93 Ohio St.3d 49, 64, 2001-Ohio-1290. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Barnes, 94 Ohio St.3d 21, 23,2002-Ohio-68.
 {¶ 7} Before the state may introduce any alleged confession, the state must provide some evidence that a crime has occurred independent of the confession. This rule was articulated inState v. Maranda (1916), 94 Ohio St. 364, paragraphs 1 and 2 of the syllabus, as follows:
 {¶ 8} "1. By the corpus delicti of a crime is meant the body or substance of the crime, included in which are usually two elements: 1. The act. [and] 2. The criminal agency of the act.
 {¶ 9} "2. It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible. The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case. It is sufficient if there is some evidence outside of the confession that tends to prove some material element of the crime charged." (Emphasis sic).
 {¶ 10} The burden upon the state to provide some evidence of the corpus delicti is minimal. State v. Van Hook (1988),39 Ohio St.3d 256, 261-262, certiorari denied (1989), 489 U.S. 1100,109 S.Ct. 1578. In fact, the state need not provide direct and positive proof that a crime was committed. The state may rely upon circumstantial evidence in proving the corpus delicti.State v. Nobles (1995), 106 Ohio App.3d 246, 262, appeal dismissed (1996), 74 Ohio St.3d 1510, citing Maranda at 371.
 {¶ 11} Appellee was charged with rape as the result of allegedly engaging in sexual conduct with another, not her spouse, and less than thirteen years old in violation of R.C.2907.02(A)(1)(b). The state argues that two pieces of evidence, in addition to appellee's statements, demonstrate that the crime occurred.
 {¶ 12} First, the state contends that CCDJFS removed M.S. from the home after this incident, and that this fact tends to establish that a rape occurred. However, this contention is not supported by the record before us. The only evidence in the record with regard to the child's removal came from the testimony of M.S.'s mother, who testified that she picked up both children from their grandmother's home on April 2, 2003. The state's contention that CCDJFS removed the child from the home is simply not supported by the record. Further, even if such evidence were in the record, it would not demonstrate that a criminal offense had been committed. This evidence would only demonstrate that CCDJFS was concerned that the child was at some sort of risk, criminal or otherwise, if she were left in the home.
 {¶ 13} Second, the state argues that the fact that the child was discovered naked is evidence that the rape occurred. While Deputy Kirker did find the child naked, with her diaper and underpants nearby, we agree with the trial court that this fact standing alone is not indicative that a crime occurred. This evidence is at best ambiguous, as it is not so unusual for a toddler to disrobe.
 {¶ 14} While we are not persuaded by either of the state's arguments, review of the record does reveal that the state presented evidence tending to prove elements of the charged crime. M.S.'s mother provided testimony that M.S. was two and a half years old at the time of the alleged offense and not appellee's spouse. Further, appellee's voluntary statement to Deputy Kirker that she had done "something bad" to M.S., provides circumstantial evidence that a crime had occurred. This statement, while not tantamount to a confession of criminal conduct, is evidence of her guilty knowledge, admissible under Evid.R. 801(D)(2)(a) as a statement against her interest. This statement, combined with the fact that M.S. was discovered nude, provides some evidence, outside of appellee's later confession, that the crime occurred. Consequently, the state presented evidence of the corpus deliciti, and appellee's confession should have been admitted into evidence. See State v. Ledford (Jan. 24, 2000), Warren App. No. CA99-05-014.
 {¶ 15} We conclude that the trial court abused its discretion by failing to identify and consider this additional evidence that the alleged offense occurred, and by subsequently excluding appellee's confession. The assignment of error is sustained.
 {¶ 16} Judgment reversed and remanded.
Young, P.J., and Powell, J., concur.