OPINION
{¶ 1} Defendant-appellant, Napoleon N. Palacio, appeals a decision of the Clermont County Court of Common Pleas convicting him of rape of a victim under the age of 13 and sentencing him to nine years in prison. We affirm in part and reverse in part.
 {¶ 2} The incident that prompted the indictment occurred in late 1996. Appellant and his wife and children resided with his wife's mother. The victim, appellant's seven-year-old nephew, T.B., was spending the night at the house on the evening in question. After falling asleep on the floor while watching television, T.B. awoke to find appellant holding his pajama pants down and performing fellatio on him. Started, T.B. turned over on his stomach, feigning sleep. Appellant approached once more, but left the room when T.B. started moving again. Due to feelings of fear and embarrassment, T.B. did not reveal the abuse to any adults until 2003, when he told his mother. Contrary to T.B.'s assertions, two of his cousins proclaimed their ignorance of the incident when questioned about it at trial. They later recanted, however, admitting that their mother instructed them to deny knowledge of the abuse on the witness stand.
 {¶ 3} On September 10, 2003, appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b), a first-degree felony, and one count of illegal use of a minor in nudity-oriented material or performance in violation of R.C.2907.323(A)(1),[1] a second-degree felony. Appellant's first trial, commencing in July 2004, resulted in an acquittal on the illegal use of a minor charge and a hung jury on the rape charge. Following his second trial, conducted in April 2005, the jury found appellant guilty of rape. At the sentencing hearing in May 2005, the court classified appellant as a sexual predator and a habitual sexual offender, and imposed a prison term of nine years. Appellant timely filed a notice of appeal, raising four assignments of error, which we will address slightly out of order.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE TRIAL COURT ERRED IN FAILING TO NOTICE AS PLAIN ERROR THE NUMEROUS REFERENCES TO APPELLANT'S `COUNSELING' AND EXCLUDE FROM EVIDENCE THOSE REFERENCES AS VIOLATIVE OF OHIO R. EVID. 403(A)."
 {¶ 6} In his first assignment of error, appellant argues that the admission of evidence regarding counseling he had undergone was unfairly prejudicial. Prior to trial, appellant admitted to an investigating police officer that he knew he had a problem and needed to pursue further counseling for his sexual attraction to young boys. On questioning by another investigating officer, appellant again confessed his attraction to young boys and said that he learned how to refrain from acting on such feelings through counseling. Both the prosecution and the two investigating officers referred to this counseling at trial.
 {¶ 7} As noted, the defense failed to object to the testimony regarding appellant's counseling and as such has waived all but plain error. See Crim.R. 52(B). Plain error exists where there is an obvious deviation from a legal rule which affected the defendant's substantial rights, or influenced the outcome of the proceeding. State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68. In the case at bar, we conclude that there was no outcome-determinative plain error.
 {¶ 8} First, we note that the contested evidence was in fact admissible. Evid.R. 801(D)(2) permits the introduction of evidence which constitutes an admission by a party-opponent. Appellant concedes that he made the statements regarding his prior counseling to both of the investigating officers. The evidence was therefore aptly categorized as an admission. In addition, the evidence was relevant in that it constituted an acknowledgment of appellant's sexual desire for young boys. See, generally, Evid.R. 401.
 {¶ 9} Evid.R. 403(A) mandates that evidence, although relevant, must be excluded where its probative value is substantially outweighed by the danger of unfair prejudice. However, the trial court did not commit error by admitting the statements involving appellant's counseling. "Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid.R. 403 prohibits." State v. Wright (1990),48 Ohio St.3d 5, 8. Considering the brevity of the statements as well as the testimonial evidence including the testimony of the victim as well as the recanted testimony of his two cousins, the remarks about appellant's counseling likely had little impact on the jury; consequently, there was no plain error in its admission. Cf. State v. Smith, 80 Ohio St.3d 89, 108, 1997-Ohio-355.
 {¶ 10} Assuming, arguendo, that exclusion of the evidence was warranted under Evid.R. 403(A), appellant still failed to fulfill his burden to show a violation of his substantial rights or that the outcome of the trial clearly would have been different absent the alleged errors. State v. Perry, 101 Ohio St.3d 118,2004-Ohio-297, ¶ 14. Even if the trial court had excluded the remarks, "we cannot say with confidence that appellant would not have been convicted." State v. Barney (June 7, 1999), Meigs App. No. 97CA12, 1999 WL 378755 at *6. The jury chose to believe the testimony of T.B., and the recanted testimony of the two cousins further supported the outcome. Id. We therefore find no plain error in the trial court's failure to exclude the references to appellant's counseling. Appellant's first assignment of error is overruled.
 {¶ 11} Assignment of Error No. 3:
 {¶ 12} "THE TRIAL COURT ERRED IN NOT SENTENCING APPELLANT TO THE SHORTEST PRISON TERM."
 {¶ 13} In his third assignment of error, appellant maintains that the imposition of a nonminimum sentence based on facts neither found by a jury nor admitted by appellant infringed upon his Sixth Amendment rights and violated the rule set out by the United States Supreme Court in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531.
 {¶ 14} The Ohio Supreme Court recently found portions of Ohio's statutory sentencing scheme unconstitutional in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. Among these sections was R.C. 2929.14(B), which requires judicial findings before the imposition of a sentence greater than the minimum. Foster at paragraph one of the syllabus. As a result of the high court's severance of this provision from Ohio's sentencing code, judicial fact finding prior to the imposition of a sentence within the basic ranges of R.C. 2929.14(A) is no longer required. Foster
at paragraph two of the syllabus. See, also, State v. Mathis,
___ Ohio St.3d ___, 2006-Ohio-855, paragraph three of the syllabus.
 {¶ 15} The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing.Foster at ¶ 104. Consequently, we remand this case for resentencing consistent with Foster. Appellant's third assignment of error is sustained.
 {¶ 16} Assignment of Error No. 2:
 {¶ 17} "THE TRIAL COURT ERRED IN FINDING A LACK OF GENUINE REMORSE."
 {¶ 18} In his second assignment of error, appellant contends that the sentencing court effectually punished him for maintaining his innocence at trial by finding that appellant demonstrated a lack of remorse for the crime and by considering the same in fashioning his sentence. This argument has been rendered moot by our disposition of appellant's third assignment of error vacating his sentence and remanding for resentencing. We thus need not address appellant's second assignment of error. See App.R. 12(A)(1)(c).
 {¶ 19} Assignment of Error No. 4:
 {¶ 20} "THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 21} In his fourth assignment of error, appellant insists that his conviction was not supported by evidence which possessed the requisite "high degree of probative force and certainty" to sustain his rape conviction, resulting in a manifest miscarriage of justice.
 {¶ 22} A challenge to the manifest weight of the evidence attacks the credibility of the evidence presented. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The reviewing court must consider the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. In conducting this analysis, a reviewing court must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 23} No physical evidence was presented by the state at trial, and appellant did not take the witness stand. The determination of appellant's guilt or innocence ultimately came down to the contradictory evidence presented by the witnesses. As stated, two of T.B.'s young cousins testified on direct examination that T.B. did not tell them of the sexual abuse perpetrated by appellant. On cross-examination, both admitted that their mother had spoken to them about the subject matter of their testimony prior to trial, discrediting both her and their testimony. Acknowledging that their mother had spoken to them simultaneously, one cousin stated:
 {¶ 24} "A. * * * I was just told I would have to come in and say that [T.B.] never told us anything about [the abuse].
 {¶ 25} "Q. Okay. Okay. You were told to come in and say that [T.B.] never told you that his uncle had done something to him, right?
 {¶ 26} "A. Uh-huh.
 {¶ 27} "Q. That's what you were told to say? Who told you to say that?
 {¶ 28} "A. My mom."
 {¶ 29} T.B. testified as to the manner in which events unfolded on the night in question. On cross-examination, the defense repeatedly attempted to impeach T.B. by referencing testimony proffered by him at appellant's first trial. Although T.B. admitted that he was cloudy on the minor details surrounding the incident, he remained steadfast in his accusation:
 {¶ 30} "Q. * * * My question to you is, sir, what do you remember clearly from this time? What can you remember? What can you tell this jury clearly that you can recall for certain that happened that's consistent with [your prior testimony]?
 {¶ 31} "A. I know for a fact that man molested me that night. He did things he should never do to anybody. That's what I know for a fact. I'm not too clear on all the little details. I don't think they're that important."
 {¶ 32} After thoroughly reviewing the record, we conclude that the jury did not lose its way when it found credible evidence supporting appellant's guilt. The jury was in the best position to assess the witness' credibility, and was free to allocate weight to the testimony that it deemed most trustworthy.State v. Jones (Nov. 13, 2001), Brown App. No. CA2000-11-032, 9. The jury chose to believe T.B., and found the evidence to be probative, credible, and adequate to sustain a guilty verdict. In view of the evidence and all reasonable inferences, we cannot say that appellant's conviction resulted in a manifest miscarriage of justice. Appellant's fourth assignment of error is overruled.
 {¶ 33} Having reviewed the assignments of error, we affirm the trial court's conviction of appellant for rape. However, we reverse the court's sentencing decision, vacate the sentence, and remand this matter for resentencing in accordance with this opinion.
Powell, P.J., and Bressler, J., concur.
[1] This count did not involve T.B. and is not before this court on appeal.