JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Ralph Watts appeals from his convictions for failure to comply with the order of a police officer, aggravated menacing, and abduction. For the reasons set forth below, we affirm the convictions for failure to comply and aggravated menacing, we vacate the conviction for abduction, and we remand for correction of the journal entry of sentencing.
 {¶ 2} On May 17, 2007, defendant was indicted pursuant to a five-count indictment. Count One charged him with failure to comply with the order or signal of a police officer, pursuant to R.C. 2921.331, and also set forth a furthermore clause that alleged that defendant caused a substantial risk of serious physical harm. Counts Two through Four charged defendant with felonious assault and contained a notice of prior conviction and a repeat violent offender specification. Count Five charged defendant with kidnapping and contained a notice of prior conviction and a repeat violent offender specification. The matter proceeded to trial to the court on July 30, 2007. The state presented the testimony of Cleveland Police Detectives John Cho, Michael Demchak, Joseph DeGregorio, Michelle Rivera, and Bruce Garner.
 {¶ 3} The state's evidence demonstrated that, at approximately 8:45 p.m. on *Page 4 
May 4, 2007, Dets. Cho and Garner were proceeding northbound on East 65th Street. Traffic was slowed due to construction. The detectives subsequently observed defendant operate his vehicle left of center and around the slowed lane of travel. The detectives activated the lights and siren of their unmarked vehicle to stop defendant. He failed to stop and continued from Francis Street to Roland Street, back to East 65th Street.
 {¶ 4} Det. Cho stated that defendant attained speeds of up to one hundred miles per hour during the pursuit. Det. Cho continued to follow and Dets. Ramser, DiGregorio, and Demchak joined the pursuit in a second vehicle and also activated their siren and lights. These detectives positioned their vehicle in front of the vehicle operated by defendant in order to block his lane of travel, but he continued forward directly in their path. Det. Ramser used evasive action and drove his vehicle onto the curb to avoid being hit. Defendant continued onto Bessemer Avenue where he later lost control of the vehicle, crashed, and then fled on foot.
 {¶ 5} A police helicopter also joined the pursuit and defendant was eventually observed hiding behind a vehicle. Det. DeGregorio ordered him out. Defendant eventually complied, but then began to walk away. Det. DeGregorio pointed his weapon at defendant, who then complied and was arrested. At the scene of the crash, the officers observed Rhonda Taylor on the floor of the passenger side of the car.
 {¶ 6} Det. Michelle Rivera arrived on the scene to assist. She spoke with *Page 5 
Taylor who appeared nervous and upset. Det. Rivera asked Taylor if she needed medical attention, and she stated, "I asked him to stop. I told him the police was behind him. I asked him to stop. He wouldn't stop." Rivera also testified that Taylor repeatedly stated that defendant would not let her out of the vehicle.
 {¶ 7} Det. Garner testified that during the pursuit, he observed the driver of the car toss something from the window. The car proceeded erratically and at a high rate of speed. He further observed a detective car stopped diagonally in the speeding car's lane of travel. The speeding car made no attempt to stop and the detective car maneuvered out of the way.
 {¶ 8} Det. Garner turned his attention to the car which was heavily damaged and spoke to Taylor. According to Garner, Taylor had defecated and told him that she was afraid and that defendant was the driver.
 {¶ 9} Det. Garner also spoke to defendant after he was advised of his rights. According to Det. Garner, defendant stated that he was driving Taylor's car and that he was taking her to the store because she does not have a driver's license. He also stated that he fled because he had just gotten released from prison.
 {¶ 10} After the state was unable to secure Taylor's presence at trial, the defense moved to suppress all of her statements pursuant toCrawford v. Washington (2004), 541 U.S. 36, 68, 124 S.Ct. 1354,158 L.Ed.2d 177. The trial court overruled the motion, noting that "the nature of the circumstances here supports the State's contention; that Ms. Taylor was approached solely for the *Page 6 
purpose of determining what her present state was, whether emergency medical or other assistance was required, and the statements that she made, and which * * * were supported by the clear circumstances of the moment, a vehicle that had been in a crash moments before."
 {¶ 11} Defendant elected to present evidence and testified on his own behalf. He stated that he and Taylor had been running errands and that she had given him permission to drive her car to his father's house. While on East 65th Street, he went left of center to avoid a pothole. He then noticed that a blue Taurus was following him and it did not have a police light. He believed that he had become involved in an incident of road rage and fled from the car out of fear. After he had driven through three intersections, he observed that the car had now activated police lights. He stated that he panicked because he had outstanding traffic warrants. As he approached the second vehicle, which was blocking his path, he slowed considerably and turned the car to the left in order to avoid an accident. Defendant further stated that Taylor told him to "go," as he drove away.
 {¶ 12} The trial court subsequently found defendant guilty of the charge of failure to comply with the order or signal of a police officer, and three counts of aggravated menacing as misdemeanor lesser included offenses of felonious assault, and abduction, a lesser included offense of kidnapping. On August 16, 2007, the trial court imposed consecutive one-year terms of imprisonment on the charge of failure to comply and abduction, and concurrent six-month terms for the aggravated *Page 7 
menacing charges, plus three years of postrelease control. Defendant now appeals and assigns two errors for our review.
 {¶ 13} Defendant's first assignment of error states:
 {¶ 14} "Appellant's rights to due process and confrontation were violated when hearsay statements of Rhonda Taylor were introduced against him."
 {¶ 15} Davis argues that the trial court committed plain error in permitting the introduction of Taylor's hearsay statements since they were testimonial and she did not appear for trial.
 {¶ 16} In Crawford v. Washington, supra, the United States Supreme Court held that the Confrontation Clause encompasses "testimonial" as opposed to nontestimonial evidence. The Court did not precisely define the term "testimonial," but it listed the following examples: (1) ex parte in-court testimony or its functional equivalent, such as affidavits and prior testimony that the defendant was unable to cross-examine, or pretrial statements that declarants would reasonably expect to be used in a prosecution; (2) extra-judicial statements contained in formal testimonial materials such as depositions, prior testimony or confessions; and (3) statements made under circumstances which would lead an objective witness to believe the statement would be available for use at a later trial. Id.
 {¶ 17} In Davis v. Washington (2006), 547 U.S. 813, 126 S.Ct. 2266,165 L.Ed.2d 224, the Court further considered the meaning of the term "testimonial" and held that: *Page 8 
 {¶ 18} "Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later prosecution."
 {¶ 19} The Davis Court cautioned, however, that a conversation which begins as an interrogation to determine the need for emergency assistance may evolve into testimonial statements. 126 S.Ct. at 2277. The Court stated:
 {¶ 20} "This is not to say that a conversation which begins as an interrogation to determine the need for emergency assistance cannot, as the Indiana Supreme Court put it, `evolve into testimonial statements,'829 N. E. 2d, at 457, once that purpose has been achieved. In this case, for example, after the operator gained the information needed to address the exigency of the moment, the emergency appears to have ended (when Davis drove away from the premises). The operator then told McCottry to be quiet, and proceeded to pose a battery of questions. It could readily be maintained that, from that point on, McCottry's statements were testimonial[.] * * * Through in limine procedure, they should redact or exclude the portions of any statement that have become testimonial, as they do, for example, with unduly prejudicial portions of otherwise admissible evidence."
 {¶ 21} To determine "whether a statement is testimonial for Confrontation *Page 9 
Clause purposes, courts should focus on the expectation of the declarant at the time of making the statement; the intent of a questioner is relevant only if it could affect a reasonable declarant's expectations." See State v. Stahl, 111 Ohio St.3d 186, 192, 2006-Ohio-5482,855 N.E.2d 834, at paragraph two of the syllabus.
 {¶ 22} In this matter, the police on the scene following the crash addressed Rhonda Taylor to determine her condition and whether she needed medical assistance. Det. Garner testified that Taylor had defecated and told the officers that she was afraid and that defendant was the driver. She appeared nervous and upset. Det. Michelle Rivera spoke to Taylor and according to Rivera, Taylor stated, "I asked him to stop. I told him the police was behind him. I asked him to stop. He wouldn't stop." Rivera also testified that the woman repeatedly stated that defendant would not let her out of the vehicle. From the foregoing, we conclude that the initial police inquiries into Taylor's condition elicited non-testimonial hearsay statements as to her fearfulness, and her physical condition. We find, however, that Taylor's hearsay statements that she wanted to be let out of the vehicle but defendant would not let her out, that she wanted defendant to stop, and that he would not do so, are all statements which have evolved well beyond information needed to address the exigency of the situation to the prohibited area of testimonial statements.
 {¶ 23} Further, we note that these statements were the only evidence offered with regard to the charge of kidnapping. We therefore recognize an obvious error or *Page 10 
defect in the trial proceeding that affects a substantial right, as defendant was convicted of abduction as a lesser included offense of kidnapping. Crim. R. 52(B); cf. State v. Barnes, 94 Ohio St.3d 21, 27,2002-Ohio-68, 759 N.E.2d 1240. Moreover, because this improper evidence was the only evidence offered in support of this offense, we conclude that the conviction for abduction is not supported by sufficient evidence. We therefore vacate this conviction and its accompanying sentence. We recognize, however, that the improper statements are harmless as a matter of law with regard to the convictions for failure to comply and aggravated menacing as these offenses were established independently of the improper statements.
 {¶ 24} The first assignment of error is well-taken.
 {¶ 25} Defendant's second assignment of error states:
 {¶ 26} "Appellant's conviction for abduction is not supported by sufficient evidence."
 {¶ 27} In light of our disposition of the first assignment of error, this claim is moot. App. R. 12(A)(1)(c).
Affirmed in part, vacated in part and remanded for correction of the journal entry of sentencing.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's *Page 11 
conviction having been affirmed in part, any bail pending appeal is terminated. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR *Page 1