[Cite as *State v. Allison*, 2012-Ohio-1046.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96895**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DERRICK S. ALLISON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-546703

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 15, 2012

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio   44145


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Vincent I. Pacetti
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Derrick Allison, appeals from his convictions following a jury trial for having a weapon while under disability, improperly handling a firearm in a motor vehicle, assault on a peace officer, resisting arrest, and two counts of carrying a concealed weapon. After careful review of the record and relevant case law, we affirm appellant's convictions.

{¶2} On February 10, 2011, appellant was named in a six-count indictment charging him with having a weapon while under disability in violation of R.C. 2923.13(A)(3), a felony of the third degree (Count 1); improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B), a felony of the fourth degree (Count 2); carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree (Count 3); carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a felony of the fourth degree (Count 4); assault in violation of R.C. 2903.13(A), a felony of the fourth degree (Count 5); and resisting arrest in violation of R.C. 2921.33(B), a misdemeanor of the first degree (Count 6).

{¶3} Appellant pled not guilty at his arraignment, and the matter proceeded to a jury trial on May 2, 2011. At the close of trial, appellant was found guilty of all counts, including the forfeiture specifications.[1] On May 16, 2011, appellant was sentenced to

---

[1] Counts 1-4 of appellant's indictment included forfeiture specifications regarding appellant's firearm and its ammunition.

four years in prison on Count 1 and six months in prison on Counts 5 and 6, to run concurrently with Count 1. Appellant was not sentenced on Counts 2, 3, and 4 because those were determined to be allied offenses of similar import with Count 1.

{¶4} Appellant appeals his convictions, raising four assignments of error for review.[2]

## Law and Analysis

### I. Sufficiency of the Evidence

{¶5} In his first and second assignments of error, appellant argues that the trial court erred in denying his Crim.R. 29 motion for acquittal when there was insufficient evidence to support his weapon convicitons. For the purposes of judicial economy and clarity, we will consider appellant's first and second assignments of error together.

{¶6} "A motion for acquittal under Crim.R. 29(A) is governed by the same standard used for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386, ¶ 37. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * *." *Id.*

{¶7} Initially, appellant contends that the prosecution failed to present sufficient evidence to support his convictions for having a weapon while under disability and

---

[2] Appellant's assignments of error are included in the appendix to this opinion.

carrying a concealed weapon. The offense of having a weapon while under disability is governed by R.C. 2923.13. The statute provides in relevant part:

> Unless relieved from disability * * * no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * the person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *.

{¶8} The offense of carrying a concealed weapon is governed by R.C. 2923.12. Pursuant to R.C. 2923.12, "[n]o person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * a handgun other than a dangerous ordnance."

{¶9} Appellant contends that the state failed to present sufficient evidence that he possessed a firearm as required by R.C. 2923.13 and 2923.12. In order to "have" a firearm, one must either actually or constructively possess it. *State v. Hardy*, 60 Ohio App.2d 325, 397 N.E.2d 773 (8th Dist. 1978). Actual possession requires ownership and, or, physical control. *Id*. Alternatively, a person has constructive possession of something when he is able to exercise dominion or control over that item. *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976).

{¶10} Here, direct evidence exists to sustain the finding that appellant actually possessed a firearm on or about January 25, 2011. At trial, Cleveland Police Patrolman Thomas Tohati testified that on January 25, 2011, he and his partner, Officer Barry Bentley, conducted a traffic stop of a green Dodge Intrepid while on patrol. After slowing down momentarily, the vehicle came to an abrupt stop in the middle of Avon

Avenue in Cleveland, Ohio. At that time, appellant exited the driver's seat of the vehicle and ran up a nearby driveway and around a garage. Officer Tohati testified that he immediately exited his patrol vehicle and pursued appellant on foot. Officer Bentley stayed with appellant's vehicle because there was a passenger in that vehicle.

{¶11} As Officer Tohati pursued appellant, he witnessed a "handgun [fall] from [appellant]'s right side," near the garage. Officer Tohati testified that the garage area was well lit by a spotlight on the property. After yelling for appellant to stop with no success, Officer Tohati managed to apprehend appellant a few blocks from the initial traffic stop. Subsequent to appellant's arrest, police officers retrieved a handgun from the area where Officer Tohati reported the handgun falling. Officer Tohati confirmed that State's Exhibit 11 was, in fact, the same handgun he witnessed appellant drop. Additionally, Officer Tohati testified that the handgun was fully loaded at the time it was recovered by the officers.

{¶12} While it is undisputed that appellant did not possess a firearm at the time of his arrest, Officer Tohati unequivocally testified that appellant was in physical control of a firearm prior to the weapon falling from appellant's side:

> Q. Okay. And as far as handling the gun, I feel the need to ask it again, did you see the defendant throw the gun — or I'm sorry, did you see the defendant drop the gun?
>
> A. Yes.
>
> Q. Was there any doubt about that in your mind?
>
> A. No.

* * *

Q. So the gun was on the defendant, you saw him drop it?

A. Correct.

**{¶13}** Although Officer Tohati was unable to state with certainty whether appellant dropped the firearm on purpose or by accident, such a determination is irrelevant to our analysis. Viewing this evidence in a light most favorable to the prosecution, as we must, we find that any rational trier of fact could have found that appellant knowingly possessed the firearm, thereby satisfying the elements of having a weapon while under disability and carrying a concealed weapon.

**{¶14}** Next, appellant contends that the prosecution failed to present sufficient evidence to support his conviction for improperly handling a firearm in a motor vehicle. Pursuant to R.C. 2923.16(B), "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."

**{¶15}** Despite appellant's argument to the contrary, the record reflects that the prosecution presented sufficient evidence that appellant possessed a loaded firearm while in a motor vehicle. While we recognize that Officer Tohati was unable to physically observe appellant in possession of a loaded firearm while appellant was in the vehicle, we find that appellant's conviction for improperly handling a firearm in a motor vehicle was supported by circumstantial evidence.

**{¶16}** It is well established that "'circumstantial evidence is sufficient to sustain a conviction if the evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 75, quoting *State v. Heinish*, 50 Ohio St.3d 231, 238, 553 N.E.2d 1026 (1990). Circumstantial evidence is proof of facts or circumstances by direct evidence from which the trier of fact may reasonably infer other related or connected facts that naturally or logically follow. *State v. Beynum*, 8th Dist. No. 69206, 1996 WL 273777 (May 23, 1996).

**{¶17}** Officer Tohati testified that the firearm he witnessed appellant drop was in appellant's possession when he left the vehicle and that there was no indication that appellant was handed the firearm by a third party as appellant fled. Furthermore, Officer Tohati testified that the handgun dropped by appellant was fully loaded at the time it was recovered by the officers. Based on Officer Tohati's testimony, we find that a reasonable jury could logically conclude that appellant possessed a loaded firearm in his vehicle prior to fleeing the scene.

**{¶18}** Based on the foregoing, appellant's first and second assignments of error are overruled.

## II. Manifest Weight of the Evidence

**{¶19}** In his third assignment of error, appellant contends that his convictions for carrying a concealed weapon and having a weapon while under disability were against the manifest weight of the evidence.

**{¶20}** In determining that a conviction is against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), citing *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). The reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶21}** The appellate court may not merely substitute its view for that of the jury, and reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *Martin.*

**{¶22}** In this matter, after examining the entire record and weighing the evidence and all reasonable inferences, we are unable to conclude that the jury clearly lost its way and created a manifest miscarriage of justice in convicting appellant of having a weapon while under disability and carrying a concealed weapon. As mentioned above, Officer Tohati testified that he observed a firearm "fall" from appellant's right side as he pursued appellant on foot. Subsequently, a firearm matching Officer Tohati's description was retrieved in the area where Officer Tohati witnessed appellant drop the weapon.

**{¶23}** Here, the jury, as the trier of fact, was in the best position to weigh the credibility of Officer Tohati. The jury could determine based on the facts in the

testimony of Officer Tohati that appellant knowingly possessed and concealed a firearm while under disability. Accordingly, we find that appellant's convictions for having a weapon while under disability and carrying a concealed weapon were not against the manifest weight of the evidence.

{¶24} Appellant's third assignment of error is overruled.

### III. Hearsay Testimony

{¶25} In his fourth assignment of error, appellant argues that the trial court erred in admitting hearsay testimony. A trial court has broad discretion concerning the admission or exclusion of evidence, and, in the absence of an abuse of such discretion that materially prejudices a defendant, a reviewing court generally will not reverse an evidentiary ruling. *State v. Issa*, 93 Ohio St.3d 49, 64, 2001-Ohio-1290, 752 N.E.2d 904, *cert. denied*, 535 U.S. 974, 122 S.Ct. 1445, 152 L.Ed.2d 387 (2002); *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 66, 567 N.E.2d 1291 (1991); *State v. Barnes*, 94 Ohio St.3d 21, 23, 2002-Ohio-68, 759 N.E.2d 1240 (noting a trial court abused its discretion when it "acted unreasonably, arbitrarily, or unconscionably").

{¶26} "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Evid.R. 802 contains the general prohibition against the admission of hearsay. It provides:

> Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme

Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio.

**{¶27}** Appellant specifically contends that the trial court erred in admitting hearsay statements made by Detective James Bellanca. Det. Bellanca testified that he was assigned to conduct a follow up investigation in this matter. At trial, Det. Bellanca was asked the following questions regarding a conversation he had with Officer Tohati during the course of his investigation:

Q. Can you please describe for me how you became involved, and your actions that you took in this investigation?

A. After I reviewed the report, I did have some questions due to previous experience, so I contacted Officer Tohati to make sure that there was a definite citing of the pistol falling from Mr. Allison. * * * During that time, that's when Officer Tohati told me that, yes, I saw it —

[Mr. Kraus]: Objection.

[THE COURT]: Overruled.

Q. Continue.

A. That he saw the pistol fall, and that it was definitely from him that it fell. * * * There was no need to really fingerprint it, because the officer did see the firearm fall from his pocket, it was definite that the firearm did come from Mr. Allison.

**{¶28}** The state argues that Officer Tohati's statements in Det. Bellanca's testimony are not hearsay because they constitute prior statements by a witness.

{¶29} Pursuant to Evid.R. 801(D)(1)(b):

A statement is not hearsay if: * * * [t]he declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is * * * consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive.

{¶30} While it is evident that Det. Bellanca's testimony was consistent with the testimony of Officer Tohati, we cannot conclude that the state's purpose in asking Det. Bellanca about what Officer Tohati told him was to rebut any charge that Officer Tohati had recently fabricated his testimony. The more likely explanation is that the state simply sought to introduce more evidence that appellant committed the offense for which he was being tried.

{¶31} Nevertheless, we find that appellant was not prejudiced by this error. As discussed above, Officer Tohati's testimony, standing alone, was sufficient to support appellant's convictions.

{¶32} We conclude that the outcome of the trial would not have been any different absent this testimony from Det. Bellanca. The admission of this hearsay testimony, while error, was harmless beyond a reasonable doubt. *See State v. Kebe*, 8th Dist. No. 73398, 1998 WL 787393 (Nov. 12, 1998); *State v. Johnson*, 8th Dist. No. 45861, 1983 WL 5528 (June 30, 1983); Crim.R. 52(A).

{¶33} Appellant's fourth assignment of error is overruled.

{¶34} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS ON ASSIGNMENTS OF ERROR I THROUGH III AND CONCURS IN JUDGMENT ONLY ON ASSIGNMENT OF ERROR IV

APPENDIX

Appellant's assignments of error:

I.      The trial court erred in denying appellant's Crim.R. 29 motion for acquittal when there was insufficient evidence to prove the elements of carrying a concealed weapon and having a weapon while under disability.

II.      The trial court erred in denying appellant's Crim.R. 29 motion for acquittal when there was insufficient evidence to prove the elements of improperly handling firearms in a motor vehicle.

III.      The appellant's convictions for carrying a concealed weapon and having a weapon while under disability were against the manifest weight of the evidence.

IV.      The trial court erred in admitting hearsay statements.