[Cite as *State v. VanWinkle*, 2017-Ohio-8194.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

STATE OF OHIO                                    :
                                                 :
    Plaintiff-Appellee                           :       C.A. CASE NO.   2017-CA-4
                                                 :
v.                                               :       T.C. NO.   16-CR-244
                                                 :
BENJIE VanWINKLE                                 :       (Criminal Appeal from
                                                 :        Common Pleas Court)
    Defendant-Appellant                          :
                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___13th___ day of _____October_____, 2017.

. . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 000069198, 200 N. Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

JOHNNA M. SHIA, Atty. Reg. No. 0067685, 130 W. Second Street, Suite 1624, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Benjie VanWinkle was originally charged by indictment with 6 counts of rape, a felony of the first degree, in violation of R.C. §2907.02 (A)(1)(b)(B), and eleven counts of gross sexual imposition, a felony of the third degree, in violation of R.C. §2907.05 (A)(4)(C)(2). A plea hearing took place on January 4, 2017, and pursuant to a

plea agreement VanWinkle entered a guilty plea to one count of rape, and in exchange the State agreed to dismiss the remaining 16 counts. VanWinkle was designated a Tier III offender and sentenced to a minimum of ten years and a maximum term of life imprisonment. The trial court ran this term consecutive to VanWinkle's Miami County Case No. 2016-CR-66 pursuant to R.C. §2971.03(E). VanWinkle's aggregate sentence was 30 years and a maximum term of life imprisonment.

{¶ 2}  Appointed counsel for defendant-appellant Benjie VanWinkle submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed.2d 493 (1967), alleging that no arguably meritorious issues exist for appeal. Counsel set forth three potential assignments of error: 1) whether the appellant's plea was made knowingly, voluntarily, or intelligently; 2) whether the trial court followed the mandates of Crim.R. 11; and 3) whether the trial court erred by placing Appellant under oath during the plea colloquy. After a thorough review of the record, this Court agrees that the trial court's proceedings were proper, and we affirm the trial court's judgment.

{¶ 3}  Under Crim.R. 11(C)(2), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and determining defendant is making the plea voluntarily, defendant understands the effect of the plea, and defendant understands he is waiving his rights. At the plea hearing the court engaged in a detailed plea colloquy that was sufficient to meet the requirements of Ohio Crim.R. 11. VanWinkle responded appropriately to all questions asked throughout the plea colloquy and there is no evidence in the transcript to indicate any confusion or misunderstanding on his part.

{¶ 4}  Lastly, appellate counsel argues that a potential assignment is whether the trial court erred by placing VanWinkle under oath during the plea colloquy. This potential

error was not brought up during the hearing and therefore, under Crim.R. 52 it would need to constitute a plain error before a reversal is warranted. Under *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002), in a criminal case the reviewing court can correct a plain error if: 1) an error occurred; 2) the error must be plain, i.e. obvious; and 3) the error must have affected "substantial rights" meaning it must have affected the outcome of the trial. There is no authority that the defendant being under oath during a plea hearing constitutes error nor would it be an obvious error. Furthermore, had VanWinkle not been placed under oath there is no indication it would have affected the outcome or his intent to plead guilty.

{¶ 5} Pursuant to the performance of our duty, under *Anders v. California*, to conduct an independent review of the record, we have found no potential assignments of error having arguable merit. We conclude that this appeal is wholly frivolous. Therefore, the judgement of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and TUCKER, J., concur.

Copies mailed to:

Kevin Talebi
Johnna M. Shia
Benjie D. VanWinkle
Hon. Nick A. Selvaggio