[Cite as *State v. Bromley*, 2024-Ohio-3350.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No. 23CA011970 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ZACHARY BROMLEY | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 21CR104815 |

DECISION AND JOURNAL ENTRY

Dated: September 3, 2024

HENSAL, Judge.

{¶1} Zachary Bromley appeals his conviction for felonious assault by the Lorain County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Bromley's mother thought her neighbor had been breaking into her home, stealing her possessions, and assaulting her in her sleep. One day while she was out, she called Mr. Bromley to check her front door. Mr. Bromley was with friends at the time, but he drove them to his mother's house and checked the door. According to the neighbor at issue, he was watching television with a friend when someone came to his front door. He answered the door and saw Mr. Bromley. The next thing he knew, he was waking up in the hospital four days later. Mr. Bromley admitted fighting with the neighbor but alleged that the neighbor confronted and punched him while he was checking his mother's door, causing him to defend himself.

{¶3} The Grand Jury indicted Mr. Bromley on one count of felonious assault. A jury found him guilty of the offense, and the trial court sentenced him to a minimum of seven years imprisonment. Mr. Bromley has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT VIOLATED MR. BROMLEY'S SIXTH AMENDMENT RIGHT TO CONFRONTATION, FIFTH AMENDMENT RIGHT, AND FOURTEENTH AMENDMENT RIGHT WHEN IT CONSOLIDATED HIS TRIAL WITH THE CO-DEFENDANT.

{¶4} In his first assignment of error, Mr. Bromley argues that the trial court should not have consolidated his trial with the trial of his Co-Defendant, his mother. Criminal Rule 14 provides that, "[i]f it appears that a defendant . . . is prejudiced by a joinder . . . of defendants in an indictment, information, or complaint, or by such joinder for trial together[,] . . . the court shall . . . grant a severance of defendants . . . ." According to Mr. Bromley, before trial, his mother made statements that implicated him. The State agreed not to present the statements if his mother did not testify. Mr. Bromley argues that this improperly limited his ability to present witnesses on his behalf.

{¶5} "This Court has held on multiple occasions that, to preserve a claim of error under Crim.R. 14, a defendant 'must renew his . . . motion to sever either at the close of the State's case or at the conclusion of all the evidence.'" *State v. Ecker*, 2018-Ohio-940, ¶ 12 (9th Dist.), quoting *State v. Taylor*, 2012-Ohio-1263, ¶ 17 (9th Dist.). Mr. Bromley did not renew his motion. Although he could argue plain error on appeal, he has not developed such an argument in his brief, and this Court will not construct an argument for him. *State v. Bennett*, 2014-Ohio-160, ¶ 9; *State v. Piatt*, 2020-Ohio-1177, ¶ 24 (9th Dist.). Mr. Bromley's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE VERDICT IN THIS CASE IS AGAINST THE SUFFICIENCY OF THE EVIDENCE AND SHOULD BE REVERSED BECAUSE IT VIOLATES THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO.

{¶6} In his second assignment of error, Mr. Bromley argues that his conviction is not supported by sufficient evidence. Specifically, he argues that the State failed to disprove his claim that he acted in self-defense. "Self-defense requires that a defendant: (1) was not at fault in creating the situation giving rise to the affray; (2) had a bona fide belief that he was in imminent danger of . . . great bodily harm and that his only means of escape . . . was in the use of such force; and (3) did not violate any duty to . . . avoid the danger." *State v. Warren*, 2020-Ohio-6990, ¶ 12 (9th Dist.), citing *State v. Barnes*, 94 Ohio St.3d 21, 24 (2002). "All three of these elements must be present to establish self-defense." *Id*.

{¶7} "[A] defendant charged with an offense involving the use of force has the burden of producing legally sufficient evidence that [his] use of force was in self-defense." *State v. Messenger*, 2022-Ohio-4562, ¶ 25. If the defendant satisfies that burden, the State then has the "burden of disproving the defendant's self-defense claim beyond a reasonable doubt . . . ." *Id*. at ¶ 27. Whether the State met its burden is not subject to a sufficiency analysis. This is because the affirmative defense of self-defense is not an element of the charged offense. *Id*. at ¶ 24. Instead, "a manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion." *Id*. at ¶ 26.

{¶8} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier

of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist. 1986). "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 2019-Ohio-3970, ¶ 26 (9th Dist.).

**{¶9}** According to Mr. Bromley, his mother's neighbor approached him while he was checking on her home and struck him in the face. He, therefore, defended himself. He testified that the neighbor had threatened him in the past with a golf club, so he continued fighting the neighbor until he was sure the neighbor would be unable to return to his home to retrieve a weapon. The neighbor, on the other hand, testified that he was watching a movie with a friend when there was a knock on the door. When he answered the door, he saw Mr. Bromley standing outside of it. The neighbor's friend testified that, when she went to the door after hearing someone threaten her friend, she found her friend in a fetal position on the floor outside his door. The friends that Mr. Bromley brought over to his mother's house did not see how the fight began.

**{¶10}** The jury was in the best position to assess the credibility of the witnesses and decide whether Mr. Bromley or his mother's neighbor was telling the truth about how the fight began. *Piatt*, 2020-Ohio-1177 at ¶ 36. Upon review of the record, we cannot say that the jury lost its way when it determined that the State met its burden of persuasion that Mr. Bromley did not act in self-defense. Mr. Bromley's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

> THE CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT TO THE U.S. CONSTITUION AND OF THE OHIO CONSTITUTION.

**{¶11}** In his third assignment of error, Mr. Bromley argues that his conviction is against the manifest weight of the evidence. Instead of challenging any specific elements of the offense

of felonious assault, he simply argues that, "[g]iven the argument of self-defense and the credibility of the witnesses[,]" this Court should overturn his conviction.

{¶12} This Court has reviewed the record and concludes that Mr. Bromley's conviction is not against the manifest weight of the evidence. The friend that was visiting Mr. Bromley's mother's neighbor corroborated that they were watching a movie when they were interrupted by a hard knock, so the neighbor went to see who was at the door. She also overheard someone tell her friend not to do something to his mother again. This is not the exceptional case where the evidence weighs heavily against Mr. Bromley's conviction. Mr. Bromley's third assignment of error is overruled.

### III.

{¶13} Mr. Bromley's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

     Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.